PARIENTE, J.
Consistent with the orders entered in this case on August 14, 2012, and October 9, 2012, the opinion dated June 21, 2012, is withdrawn and this revised opinion is substituted in its place.
In this case, the Court adopts proposed amendments to the Florida rules of court to implement mandatory electronic filing procedures for all documents filed in Flori *452 da’s courts.[1] The proposed amendments represent a significant and important step toward our goal of a fully electronic court system by transitioning from permissive to mandatory electronic filing (e-filing). Also in furtherance of this goal, in a separate, related case we adopt amendments to the rules of court to require e-mail service of pleadings and documents between parties, and we have coordinated the dates on which those rules will become effective so that e-mail service will serve as a first step in preparing practitioners to function in an electronic environment. See In re Amends. to Fla. Rules of Jud. Admin., Fla. Rules of Civ. Pro., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Rules of Traffic Court, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., and Fla. Family Law Rules of Pro.—E-mail Service Rule, No. SC10-2101 (Fla.2012) (In re E-mail Service Rule ).[2] Mandatory electronic filing is also another of the necessary steps in our ongoing efforts to provide the public with electronic access to noneonfidential court records.[3]
The new rules and amendments to the existing rules at issue in this case will require attorneys to file documents with the trial and appellate courts by electronic transmission and will operate in tandem with the new mandatory e-mail service requirements for pleadings and documents. The proposed amendments will also require the clerks’ offices to maintain electronic court records, to convert paper documents to electronic documents, and to electronically transmit the record on appeal.
Because we recognize that the mandatory electronic filing requirements the Court adopts require that each clerk have the capacity to accept and maintain the documents electronically and will change the way that attorneys file documents, the Court has adopted an implementation schedule to phase in these requirements in each division of the trial courts and in the appellate courts based on input from all affected groups.[4] The Court also recog *453 nizes that while those attorneys practicing in the civil divisions of the trial courts and in the appellate courts would like implementation to begin immediately, those attorneys who work for the public defenders, state attorneys, and regional counsel are operating under decreasing budgets so that while e-fíling and e-mail service will increase efficiency in the long run, resources to upgrade technology and train personnel are largely unavailable.
We take this opportunity, however, to encourage attorneys and clerks throughout Florida to take notice of the new electronic filing requirements that we adopt here and to begin the process of updating their current practices to conform to these requirements. In this regard, The Florida Bar, in coordination with the Florida Association of Court Clerks and Comptrollers (FACC), should undertake comprehensive educational outreach so that litigants and clerks are fully informed of the requirements and the substantial benefits of mandatory e-filing. As the Legislature has indicated, implementation of an electronic filing process should reduce costs, increase timeliness in the processing of cases, and provide the judiciary with case-related information to allow for improved case management. See § 28.22205, Fla. Stat. (2011).
Also, as explained in this opinion, in adopting the mandatory e-filing rules, the Court has exempted self-represented parties and self-represented nonparties, including nonparty governmental or public agencies. However, we strongly encourage these individuals and entities to take advantage of the e-filing procedures, which should produce cost savings and efficiency for all those involved with the justice system by eliminating mailing and copying costs.
BACKGROUND
History of Electronic Transmission of Court Records in Florida Courts
The judicial branch of Florida has long embraced the use of technology to increase the effectiveness, efficiency, and accessibility of the courts.[5] We first adopted rules authorizing an early form of electronic transmission for documents filed with the courts more than three decades ago, in 1979. See In re Fla. Rules of Jud. Admin., 872 So.2d 449, 463 (Fla.1979) (adopting Florida Rule of Judicial Administration 2.090 (Electronic Filing of Matters in all Proceedings Within the State Courts System), providing that any document may be filed with the court by an “electronic copying device”) (later renumbered Florida Rule of Judicial Administration 2.525).[6] Since that time, we have continued to amend and revise these rules to accommodate new technology. See, e.g., Amends. to Rules of Jud. Admin.—Rule 2.090— Electronic Transmission & Filing of Documents, 681 So.2d 698 (Fla.1996); Amends, to Rules of Jud. Admin.—Rule 2.090—Electronic Transmission & Filing of Documents, and Rule 2.060—Attorneys, 701 So.2d 1164 (Fla.1997). In our 1996 opinion amending the electronic filing rule, we observed that the judicial branch was rapidly moving into the information age, and that amendments to the rules of court were necessary to establish “a proper and efficient process for the filing and mainte *454 nance of court records” in this new age. Amends, to Rules of Jud. Admin.—Rule 2.090—Electronic Transmission & Filing of Documents, 681 So.2d at 699. We noted there:
As the head of the judicial branch, this Court has the exclusive responsibility for determining how records in the court system are filed and maintained. In carrying out that responsibility, we must ensure that the processes for the filing and maintenance of judicial records by electronic means are compatible, accessible, and cost efficient.
Id. (citations omitted).
Currently, Florida Rule of Judicial Administration 2.525 (Electronic Filing) is permissive and provides that all documents that are court records may be filed with the clerk by electronic transmission provided that the clerk has the ability to accept and retain electronic documents, the clerk or the chief judge of the circuit has requested permission to accept documents filed by electronic transmission, and this Court has entered an order allowing the clerk to accept documents electronically.[7] See Fla. R. Jud. Admin. 2.525(e)(1). Under these procedures, a number of trial courts have adopted plans for electronic filing in some or all divisions, and this Court has approved such plans. See, e.g., In re Electronic Transmission and Filing of Documents Under Florida Rule of Judicial Administration 2.090 for Manatee County, Fla. Admin. Order No. AOSCO1-4 (Jan. 26, 2001); In re Electronic Transmission and Filing of Documents Under Florida Rule of Judicial Administration 2.090 for Orange County, Fla. Admin. Order No. AOSC05-2 (Feb. 2, 2005); In re Electronic Transmission & Filing of Documents Under Florida Rule of Judicial Administration 2.525 for Broward County, Fla. Admin. Order No. AOSC07-19 (Apr. 23, 2007); In re Electronic Transmission and Filing of Documents Under Florida Rule of Judicial Administration 2.525 for Calhoun, Gulf, Holmes, Jackson, and Washington Counties, in the Fourteenth Judicial Circuit, Fla. Admin. Order No. AOSC10-20 (May 5, 2010).[8] As a result, many trial courts are already accepting documents filed by electronic transmission. The First District Court of Appeal is also accepting documents filed electronically. See Letter of Approval from Judge Judith L. Kreeger, Chair of the Florida Courts Technology Commission, to Judge Robert T. Benton, Chief Judge of the First District Court of Appeal (Feb. 11, 2011).
Our efforts to transition to a fully electronic court system have been supported by the Florida Legislature. In section 28.22205, Florida Statutes (2011), the Legislature has directed:
Each clerk of court shall implement an electronic filing process. The purpose of the electronic filing process is to reduce judicial costs in the office of the clerk and the judiciary, increase timeliness in the processing of cases, and provide the judiciary with case-related in *455 formation to allow for improved judicial case management. The Legislature requests that, no later than July 1, 2009, the Supreme Court set statewide standards for electronic filing to be used by the clerks of court to implement electronic filing.
In response to this request to the Court, we promptly adopted the Florida Supreme Court Statewide Standards for Electronic Access to the Courts, to provide uniform standards for the electronic transmission of documents and court records. See In re Statewide Standards for Electronic Access to the Courts, Fla. Admin. Order No. AOSC09-30 (July 1, 2009). In adopting those standards, we noted, “[T]he transition of Florida’s courts from paper-based information management to systems that rely primarily on digital records represents a fundamental change in the internal operations of the courts. Accordingly, care must be taken to ensure that this transformation is accomplished in a deliberate and responsible manner.” Id. at 1. The new rules and amendments to existing rules we adopt represent an important step in this ongoing effort to change the ways that the judicial system operates from a paper world to an electronic world. In that effort, the Court keeps at the forefront that our court system must be accessible, fair, and effective.
This Case
The proposals at issue in this case were submitted in response to a request from this Court asking the ten Florida Bar rules committees to propose amendments to the rules of court necessary to implement the recommendations of the Appellate Court Technology Committee (ACTC), approved by the Court in In re Interim Policy on Electronic Appellate Court Records, Fla. Admin. Order AOSC10-32 (June 29, 2010). See Letter from Thomas D. Hall, Clerk of the Florida Supreme Court, to the Chairs of the Florida Bar Rules Committees (Aug. 4, 2010) (on file with the Court in Case No. SCI1-399). In the administrative order approving the recommendations, the Court adopted an interim policy that any court records of proceedings in a lower tribunal made or maintained in electronic form should be accepted by appellate courts as part of the record on appeal. See In re Interim Policy on Electronic Appellate Court Records, Fla. Admin. Order AOSC10-32, at 2. The interim policy also directed attorneys to file documents in this Court and in the district courts of appeal in a digital format, as well as on paper; however, when feasible, the policy stated that the Chief Justice of this Court or the chief judge of any district court may dispense with the requirement to file paper copies. Id. at 3. Although the ACTC’s recommendations and the interim policy adopted by the Court pertained specifically to appellate proceedings, we requested that the committees consider them in a broader context and recommend amendments to accommodate electronic court records and procedures for electronic filing of those records in all types of cases. See Letter from Thomas D. Hall, Clerk of the Florida Supreme Court, to the Chairs of the Florida Bar Rules Committees at 3.
In response to our request, the committees filed a joint report in February 2011, with recommendations to amend the Florida rules of court to provide mandatory electronic filing procedures. See Fla. R. Jud. Admin. 2.140(f). The Executive Committee of The Florida Bar Board of Governors unanimously approved the proposed rule amendments.
The Court published the proposals in The Florida Bar News for comment. Several organizations and members of the Bar filed comments. The committees filed a joint response to the comments and the Criminal Procedure Rules Committee *456 (CPR Committee) filed a separate response to the specific comments that addressed its proposal to amend Florida Rule of Criminal Procedure 3.030 (Service of Pleadings and Papers). Additionally, at the Court’s direction the Florida Courts Technology Commission (FCTC), in consultation with the Florida Courts E-Filing Authority (E-Filing Authority) and the FACC, submitted a supplemental comment proposing a plan to phase in mandatory electronic filing under the new rules. Several groups filed comments on the proposed plan. The E-Filing Authority filed a supplemental comment to update the Court as to the status of each trial and appellate court clerk’s technological readiness to receive documents electronically filed through the statewide e-portal.[9]
In considering these proposals, the Court determined that the timing for the implementation of mandatory e-filing should be coordinated with the timing for mandatory e-mail service. After the oral argument in In re E-mail Service Rule and this case, the Court determined that certain aspects of these cases warranted further examination. Accordingly, we directed the Rules of Judicial Administration Committee (RJA Committee) and the FCTC to convene a workgroup[10] to address and file a joint supplemental report addressing three specific areas of concern:
1. The Court has determined that the list of proposed exemptions from electronic filing in criminal cases is too broad. The workgroup should develop a revised proposal narrowing that list. In light of the fact that any document required by a Florida Statute to be filed in paper format will be exempted under proposed Rule of Judicial Administration 2.525(d), the workgroup also should address whether specific exemptions in criminal cases are, in fact, necessary.
2. The workgroup should address whether non-parties, especially “institutional” non-parties such as the Florida Department of Law Enforcement and the Florida Department of Corrections, should be required to file documents electronically. If it is determined that electronic filing by certain non-parties should be required at this time, the workgroup should propose appropriate rule amendments.
3. The workgroup should address how the phase-in schedule for electronic filing suggested by FCTC in case no. SCll-399, will impact the implementa *457 tion of the mandatory electronic service rules proposed in case no. SC10-2101. In particular, the workgroup should consider whether the deadlines set out in the proposed phase-in schedule for mandatory electronic filing also should apply in implementing mandatory electronic service.
The RJA Committee and the FCTC filed a supplemental report that addressed the Court’s concerns and suggested revisions to its original rule proposals. With regard to the issue of “institutional” non-parties, the workgroup indicated that it spoke with a number of institutional non-party groups (including the Department of Corrections, the Florida Department of Law Enforcement, Guardian ad Litem programs, the Department of Children and Families, and the Department of Juvenile Justice) and learned that these groups were generally in favor of electronic filing, whenever possible. However, the work-group concluded that these nonparties should not be required to file documents electronically at this time. There were no comments addressed to the supplemental report.
After considering the original joint report, the comments filed, the issues discussed at oral argument, and the revised rule proposals in the supplemental report, we adopt the proposed amendments with some minor modifications. We also adopt amendments to Florida Rule of Judicial Administration 2.516, which were not proposed by the committees. We discuss some of the more significant amendments below. We also provide an implementation schedule, based on recommendations and input from the FCTC and the E-Filing Authority.
AMENDMENTS
Rules of Judicial Administration 2.520 (Documents) and 2.525 (Electronic Filing)
Central to the new mandatory electronic filing procedures are Florida Rules of Judicial Administration 2.520 (Documents) and 2.525 (Electronic Filing). Both rules govern the filing of any document that is a “court record,” as defined by Florida Rule of Judicial Administration 2.430(a)(1).[11] Rule 2.520 provides in general terms that all documents filed in any court shall be filed by electronic transmission in accordance with rule 2.525. In turn, rule 2.525 provides the specific procedures for electronic filing.
First, subdivision (a) (Definition) of rule 2.525 provides an updated definition for the term “electronic transmission of documents” to include the sending of information by electronic signals to, by, or from a court or clerk, which when received can be transformed and stored or transmitted on paper, microfilm, magnetic storage device, optical imaging system, CD-ROM, flash drive, other electronic data storage system, server, case maintenance system, electronic court filing system, statewide or local electronic portal (e-portal), or other electronic record-keeping system authorized by this Court. The rule as amended recognizes the clerk’s role in converting documents filed in paper form into an electronic format. Subdivision (a) also pro *458 vides that the electronic transmission of documents includes filing documents by email or any internet-based transmission procedure.
Next, subdivision (b) (Application) provides that all procedures, programs, and standards for electronic filing must comply with current e-filing standards promulgated by this Court in In re Statewide Standards for Electronic Access to the Court, Fla. Admin. Order No. AOSC09-30, or any subsequent administrative order.
Subdivisions (c) (Documents Affected) and (d) (Exceptions) set forth the specific processes for electronic filing. Subdivision (c) requires all documents that are court records to be filed with the court by electronic transmission. Indeed, the official court file will now consist of a set of electronic documents stored in a computer system maintained by the clerk, together with any supplemental nonelectronic documents or materials otherwise authorized under the rule.[12] Subdivision (d) allows only limited exceptions to the mandatory electronic filing requirement: (1) when the clerk does not have the ability to accept and retain documents by electronic filing; (2) when the filer of the document is a self-represented party or a self-represented nonparty, including a nonparty governmental or public agency (or an agency, partnership, corporation, or business entity acting on behalf of any governmental or public agency);[13] (3) when the filer is an attorney excused from e-mail service, pursuant to Florida Rule of Judicial Administration 2.516;[14] (4) when submitting evi-dentiary exhibits or filing nondocumentary materials; (5) when the filing involves documents in excess of 25 megabytes in size (in which case the documents may be transmitted to the court using an electronic storage medium); (6) when the document is filed in open court; (7) when paper filing is permitted by any approved state or local electronic filing procedure; or (8) when a court determines that justice so requires.
Significantly, whenever a filer submits a paper document to the clerk under one of the exceptions listed above, subdivision (c)(4) of the amended rule requires the clerk’s office to immediately convert thé document to an electronic document. In this way, rule 2.525 ensures that nearly all documents filed in a case, even those submitted in a paper format, will be included in the electronic record. Filers may provide a self-addressed, postage-paid envelope so that the clerk’s office may return paper documents after they have been converted to an electronic form. Except in cases where a paper document is required *459 to be maintained, the clerk may recycle any paper document that is not returned to the filer.
Subdivision (e) (Service) authorizes a court or clerk to use electronic transmission to serve all orders, pursuant to rule 2.516(h).[15] Additionally, this subdivision requires that any document filed electronically with the court or clerk must also be served on all parties and interested persons in accordance with the applicable rules of court.
Finally, subdivision (f) (Administration) provides guidance to the clerks in administering the electronic filing rules. It requires that the clerks’ offices across the state provide electronic access to their equipment, whether through the e-portal or otherwise, during regular business hours; accept electronic transmission of documents up to 25 megabytes in size; and accept documents greater than 25 megabytes on an electronic storage device, such as a CD-ROM or flash drive. Also under subdivision (f), the filing date for any document that is electronically transmitted to the clerk will be the date and time that such filing is acknowledged by an electronic stamp, pursuant to an approved electronic filing procedure, or the date that the last page of the filing is received by the clerk.
Conforming Amendments to the Rules of Procedure
We also adopt new rules and amendments to existing rules to conform the rules of procedure to the electronic filing requirements in amended rules 2.520 and 2.525.
The most controversial of the conforming amendments were those proposed to Florida Rule of Criminal Procedure 3.030 (Service and Filing of Pleadings, Papers, and Documents). As originally proposed, the CPR Committee recommended that rule 3.030 be amended to authorize a number of exceptions to the mandatory electronic filing requirement in criminal cases, including charging documents, indictments, informations, petitions, affidavits, plea agreements, documents filed under seal, ex parte documents, and any documents which are required to be sworn or notarized. The Court received several comments addressed to this proposal. The commenters asserted that the CPR Committee’s proposed amendments would exempt nearly all documents filed in a criminal case from the electronic filing requirement and force the clerks of court to maintain two filing systems, one electronic and one paper.
As discussed above, following the oral argument in this case, we directed the RJA Committee and the FCTC to convene a workgroup to address several areas of concern to the Court. One such concern was that the list of proposed exceptions to electronic filing in criminal cases was too broad, and we directed the workgroup to reconsider and revise the list. See Order of Dec. 6, 2011. The workgroup, which included representatives from the CPR Committee, ultimately concluded that current Florida law requires two types of documents be preserved in their paper form. These are verified and sworn documents and original paper judgments and sentences. However, the workgroup also noted that pursuant to amended rule 2.525, *460 these documents will be included in the electronic court file in one of two ways— either when the filer transmits an electronic copy of the paper document to the clerk or, alternatively, when the clerk converts a paper filing into an electronic format. In either case, the original paper document would be deposited with the clerk and maintained for safekeeping.
Consistent with the workgroup’s recommendations, amended rule 3.030 provides that all documents in a criminal case must be filed in accordance with Florida Rules of Judicial Administration 2.520 and 2.525. However, any paper document that is a judgment and sentence, or is required by statute or rule to be sworn to or notarized, shall be filed and then deposited with the clerk immediately thereafter.
Additionally, as suggested by the Probate Rules Committee, we amend the Florida Probate Rules to include new rule 5.043 (Deposit of Wills and Codicils), which provides that any original, executed will or codicil that is deposited with the clerk[16] must be retained by the clerk in its original form for twenty years, regardless of whether the will or codicil was “permanently recorded” under amended Rule of Judicial Administration 2.430.[17]
The Florida Rules of Appellate Procedure are also amended, consistent with the interim policy we adopted in In re Interim Policy on Electronic Appellate Court Records, Fla. Admin. Order No. AOSC10-32, to accommodate electronic notices of appeal; to describe the contents, formatting, and organization of the electronic record on appeal; and to direct the clerks to electronically transmit the record to the appellate court.
Finally, we have revised the proposed amendments to Florida Rule of Civil Procedure 1.080 (Service of Pleadings, Orders, and Documents) to expressly state that all documents shall be filed with the court in accordance with the requirements of Florida Rule of Judicial Administration 2.525. On our own accord, we also amend Florida Rule of Judicial Administration 2.516 (Service of Pleadings and Documents) to provide that the filing of documents with the court must be made by filing them with the clerk pursuant to rule 2.525.[18] The remaining conforming amendments are adopted as proposed by the rules committees.
IMPLEMENTATION
As explained, because of the importance of an orderly process for implementation of the new e-filing requirements, we have adopted an implementation schedule based on the recommendations of the FCTC and the E-Filing Authority and based on input as to the unique challenges facing each division or court. For example, although the FCTC reported that all 67 clerks of court would be prepared to accept e-filings through the statewide e-portal in the civil divisions by July 1, 2012, the subsequent filing by the E-Filing Authority indicated several clerks were experiencing difficulties that would prevent them from accepting electronic filings on that date. The new, mandatory electronic filing procedures that the Court adopts will be imple- *461 merited according to this schedule, except as may be otherwise provided by subsequent administrative order.[19]
First, the new electronic filing requirements the Court adopts will become effective in the civil, probate, small claims, and family law divisions of the trial courts, as well as for appeals to the circuit courts in these categories of cases, on April 1, 2013, at 12:01 a.m., except as may be otherwise provided by administrative order. Electronic filing will be mandatory in these divisions pursuant to rule 2.525 on that date. However, until the new rules take effect in these divisions, any clerk who is already accepting documents filed by electronic transmission under the current rules should continue to do so; attorneys in these counties are encouraged to file documents electronically under the current rules.
Next, the new electronic filing requirements the Court adopts will become effective in the criminal, traffic, and juvenile[20] divisions of the trial courts, as well as for appeals to the circuit court in these categories of cases, on October 1, 2013, at 12:01 a.m., except as may be otherwise provided by administrative order. Electronic filing will be mandatory in these divisions under rule 2.525 on that date, The new e-filing requirements, as they apply in proceedings brought pursuant to the Florida Mental Health Act (Baker Act), Chapter 394, Part I, Florida Statutes, and the Involuntary Commitment of Sexually Violent Predators Act (Jimmy Ryce), Chapter 394, Part V, Florida Statutes, will also not be mandatory in these cases until October 1, 2013.[21] As stated above, until the new rules take effect in these divisions and proceedings, any clerk who is already accepting electronically filed documents under the current rules should continue to do so; attorneys are again encouraged to utilize existing electronic filing procedures under the current rules.
The new electronic filing procedures adopted in this case will become effective in this Court on December 1, 2012, at 12:01 a.m., except as may be otherwise provided by administrative order. E-filing will be mandatory in this Court under rule 2.525 on that date. Additionally, the e-filing rules will become effective and mandatory in the district courts of appeal on April 1, 2013, at 12:01 a.m. However, until the new rules and procedures take effect in the district courts, any clerk who is already accepting documents filed by electronic transmission may continue to do so; attorneys in these districts are encouraged to file documents electronically. Clerks will *462 not be required to electronically transmit the record on appeal until July 1, 2013, at 12:01 a.m. Until July 1, we encourage clerks, whenever possible, to electronically transmit the record under the new rules and requirements.[22]
Finally,.we note that, in all types of cases, pursuant to amended rule 2.525(d) self-represented parties and self-represented nonparties, including nonparty governmental or public agencies, and attorneys excused from e-mail service under Florida Rule of Judicial Administration 2.516 will be permitted, but not required, to file documents electronically.
CONCLUSION
We would like to thank each of The Florida Bar rules committees and the Florida Courts Technology Commission, formerly headed by Judge Judith Kreeger, for their thorough and diligent work proposing comprehensive procedures for the electronic filing of court documents and a structured plan to phase in the new requirements. We also wish to thank those who submitted comments in this matter, including the E-Filing Authority, for their valuable input. We are especially appreciative of the cooperation from the Clerks of Court, who, in cooperation with the Court, understand the importance of the steps that are undertaken that will prove valuable to litigants and essential to the efficient, effective, and fair administration of justice. These collective efforts have assisted the Court in taking a significant and critical step toward our goal of a fully electronic court system.
Accordingly, we amend the Florida Rules of Civil Procedure, the Florida Rules of Judicial Administration, the Florida Rules of Criminal Procedure, the Florida Probate Rules, the Florida Small Claims Rules, the Florida Rules of Juvenile Procedure, the Florida Rules of Appellate Procedure, and the Florida Family Law Rules of Procedure as set forth in the appendix to this opinion.[23] New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective as provided in this opinion.
It is so ordered.
POLSTON, C.J., and LEWIS, QUINCE, CANADY, LABARGA, and PERRY, JJ., concur.
APPENDIX
FLORIDA RULES OF CIVIL PROCEDURE
RULE 1.030. NONVERIFICATION OF PLEADINGS
Except when otherwise specifically provided by these rules or an applicable statute, every written pleading or other paper-doeument of ■a-party represented by an attorney need not be verified or accompanied by an affidavit.
Committee Notes
[No Change]
RULE 1.080. SERVICE AND FILING OF PLEADINGS, ORDERS, AND DOCUMENTS
(a) Service. Every pleading subsequent to the initial pleading, all orders, and every *463 other document filed in the action must be served in conformity with the requirements of Florida Rule of Judicial Administration 2.516.
(b) Filing. All documents shall be filed in conformity with the requirements of Florida Rule of Judicial Administration 2.525.
(c) Writing and written defined. Writing or written means a document containing information, an application, or a stipulation.
FLORIDA RULES OF JUDICIAL ADMINISTRATION
RULE 2.430. RETENTION OF COURT RECORDS
(a) [No Change]
(b) Permanently Recorded Records.
*464 [[Image here]]
(21 Anv physical media submitted to the clerk for the purpose of filing information contained in the media may be destroyed, retained, or otherwise disposed of bv the clerk once the contents of the media have boon made a hart of the court record.
(e)-(k) [No Change]
RULE 2.510, FOREIGN ATTORNEYS
(«>-<*») [No Change]
[[Image here]]
*465 [[Image here]]
*466 [[Image here]]
*467 [[Image here]]
*468 E-mail Address STATE OF ... COUNTY OP L _«do hereby swear or affirm under penalty of perjury that I am the Movant in rite above-styled matter; that Ihave read the foregoing Motion and know die contents thereof, and the contents are true of my own knowledge and belief. Movant ¡.hereby consent to be associated as local counsel of record in litis cause pursuant !o Florida Rule of Judicial Administration 2,510. DATED ⅛™, .. day of_20 Local Counsel of Record Address Address City, Stale, Zip Code Telephone Number Florida Bar Number E-mail Address
[[Image here]]
[[Image here]]
RULE 2.516 SERVICE OF PLEADINGS AND DOCUMENTS
(a)-(d) [No Change]
(e) Filing Defined. The filing of documents with the court as required by these rules must be made by filing them with the clerk in accordance with rule 2.525, except that the judge may permit documents to be filed with the judge, in which event the *469 judge must note the filing date before him or her on the documents and transmit them to the clerk. The date of filing is that shown on the face of the document by the judge’s notation or the clerk’s time stamp, whichever is earlier.
(f)-(h) [No Change]
RULE 2.520. PAPERDOCUMENTS
(a) Type — and SizeElectronic Filing Mandatory. All pleadings, ' motions, -petitions, briefs, ■ notices, order-s,-judgments? decrees, ■ opinions, -and-other ■ papers--and official documents filed in any court shall be filed by electronic transmission in accordance with rule 2.525. “Documents” means pleadings, motions, petitions, mem-oranda, briefs, notices, exhibits, declarations, affidavits, orders, judgments, decrees, writs, opinions, and any other paper or writing submitted to a court.
(b) Type and Size. Documents subject to the exceptions set forth in rule 2.525(d) shall be filed on recycled paper measuring 8 1/2 by 11 inches. For purposes of this rule, paper is recycled if it contains a minimum content of 50 percent waste paper. Xerographic reduction of legal-size (8 1/2 by 14 inches) documents to letter size (8 1/2 by 11 inches) is prohibited. All other documents filed by electronic transmission shall be filed in a format capable of being printed in a format consistent with the provisions of this rule.
(be) Exhibits. Any exhibit or attachment filed with pleadings or papers may be filed in its original size.
(ed) Recording Space. On all papers and documents prepared and filed by the court or by any party to a proceeding which are to be recorded in the public records of any county, including but not limited to final money judgments and notices of lis pendens, a 3-inch by 3-inch space at the top right-hand corner on the first page and a 1-inch by 3-inch space at the top right-hand corner on each subsequent page shall be left blank and reserved for use by the clerk of court.
(de) Exceptions to Recording Space. Any papers or documents created by persons or entities over which the filing party has no control, including but not limited to wills, codicils, trusts, or other testamentary documents; documents prepared or executed by any public officer; documents prepared, executed, acknowledged, or proved outside of the State of Florida; or documents created by State or Federal government agencies, may be filed without the space required by this rule.
(ef) Noncompliance. No clerk of court shall refuse for filing any document or paper because of noncompliance with this rule. However, upon request of the clerk of court, noncomplying documents shall be resubmitted in accordance with this rule.
Court Commentary
[No Change]
RULE 2.525. ELECTRONIC FILING
(a) Definition. “Electronic transmission of documents” means the transmis-sionsending of information by electronic signalsT to, by or from a court or clerk ef fee-court, of information which when received can be transformed, and stored or ■reproducedtransmitted on paper, microfilm, magnetic storage device, optical imaging system, CD-ROM, flash drive, other electronic data storage system, server, case maintenance system (“CM”), electronic court filing (“ECF”) system, statewide or local electronic portal (“e-portal”), or other electronic record keeping system authorized by the Ssupreme Ccourt of-Flori-4a in a format sufficient to communicate the information on the original document in a readable format. Electronic transmission of documents includes electronic mail (“e-mail”) and any internet-based trans *470 mission procedure, and may include procedures allowing for documents to be signed or verified by electronic means.
(b) Application. Any court or clerk of the courtmay accept the electronic transmission of documents for filing and may send documents by electronic transmission after the clerk, together with input from the chief judge of the circuit, has obtained approval of the procedures, and programs, and standards for electronic filing for doing so from the Ssupreme Ccourt of Florida(“ECF Procedures”). All ECF Procedures must comply with the then-current e-filing standards, as promulgated by the supreme court in Administrative Order No. AQSC09-30, or subsequent administrative order.
(c) Documents Affected.
(1) All documents that are court records, as defined in rule 2.430(a)(1), may-must be filed-by-electronic-transmission, provided that:
(A) the clerk ofcour-t has the ability to accept and retain such documents;
(B) the clerk of court or the chief judge of the circuit has requested permission to accept documents filed by electronic transmission; and
(C) the Ssupreme Ccourt of Florida has entered an order granting permission to the clerk of court to accept documents filed by electronic transmission.
Any attorney, party, — or—other person who files ■ a-doeument by electronic transmission-shall, immediately-thereafter,-file the identical document, in paper fornq-wíth an original -signature of the attorney, party. ..or..other person if a signature is otherwise required-by-these rules (hereinafter called the follow-up-filing).
(2) The-follow-up-filing of any -document that has previously been-filed-by electronic transmission-may be discontinued if:
(A) after a-90-day period of accepting electronically. filed-documentSr-the clerk of cour-t-or the chief judge of- the circuit, certifies to the-Supreme-Court of Florida that the electronic — filing system is efficient, reliable, and meets the demands' of all parties;
(B) the clerk of court or the chief judge of the circuit requests permission to discontinue- that- portion-of-the rule requiring--a-follow-up filing of documents-in- paper-form, except — as otherwise -required by general -IawT statute, or court rule; and
(C) the-Supreme-Court of Florida enters an order directing the clerk of court to discontinue-accepting the-follow-up-filing-
All documents filed by- electronic transmission-under this-rule satisfy any requirement-for- the filing of an original, except where the courty-law, or rule of procedure otherwise provides for the-submittal of-an or-iginal-
The official court file is a set of electronic documents stored in a computer system maintained by the clerk, together with any supplemental non-electronic documents and materials authorized by this rule. It consists of:
(A) documents filed by electronic transmission under this rule;
(B) documents filed in paper form under subdivision (d) that have been converted to electronic form by the clerk;
(C) documents filed in paper form before the effective date of this rule that have been converted to electronic form by the clerk;
(D) documents • filed in paper form before the effective date of this rule or under subdivision (d), unless such doc *471 uments are converted into electronic form by the clerk;
(E) electronic documents filed pursuant to subdivision (d)(5); and
(F) materials and documents filed pursuant to any rule, statute or court order that either cannot be converted into electronic form or are required to be maintained in paper form.
(3) The documents in the official court file are deemed originals for all purposes except as otherwise provided by statute or rule.
(4) Any document in paper form submitted under subdivision (d) is filed when it is received by the clerk or court and the clerk shall immediately thereafter convert any filed paper document to an electronic document. “Convert to an electronic document” means optically capturing an image of a paper document and using character recognition software to recover as much of the document’s text as practicable and then indexing and storing the document in the official court file.
(5) Any storage medium submitted under subdivision (d)(5) is filed when received by the clerk or court and the clerk shall immediately thereafter transfer the electronic documents from the storage device to the official court file.
(6) If the filer of any paper document authorized under subdivision (d) provides a self-addressed, postage-paid envelope for return of the paper document after it is converted to electronic form by the clerk, the clerk shall place the paper document in the envelope and deposit it in the mail. Except when a paper document is required to be maintained, the clerk may recycle any filed paper document that is not to be returned to the filer.
(7)The clerk may convert any paper document filed before the effective date of this rule to an electronic document. Unless the clerk is required to maintain the paper document, if the paper document has been converted to an electronic document by the clerk, the paper document is no longer part of the official court file and may be removed and recycled.
(d) ServiceExceptions. Paper documents and other submissions may be manually submitted to the clerk or court:
(1) Electronic transmission may be used by a-court for the service of all orders of whatever nature provided the clerk) together with-input from-the chief judge of the-circuit, has obtained approval from-the Supreme Court of Florida of the specific-procedures.and -program to be. used — in-transmitting-the orders» — All-other--requirements for-the service of such an order shall be met. when the clerk does not have the ability to accept and retain documents by electronic filing or has not had EOF Procedures approved by the supreme court;
(2) Any-document-electronically transmitted-to a court or--clerk of-the court shall also be served-on all par-ties and interested persons in accordance with the applicable rules of-court.for filing by any self-represented party or any self-represented nonparty unless specific EOF Procedures provide a means to file documents electronically. However, any self-represented nonparty that is a governmental or public agency and any other agency, partnership, corporation, or business entity acting on behalf of any governmental or public agency may file documents by electronic transmission if such entity has the capability of filing documents electronically;
*472 (3) for filing by attorneys excused from e-mail service in accordance with rule 2.516(b);
(4) when submitting evidentiary exhibits or filing non-documentary materials;
(5) when the filing involves documents in excess of 25 megabytes (25MB) in size. For such filings, documents maybe transmitted using an electronic storage medium that the clerk has the ability to accept, which may include a CD-ROM, flash drive, or similar storage medium;
(6) when filed in open court, as permitted by the court;
(7) when paper filing is permitted by any approved statewide or local ECF procedures; and
(8) if any court determines that justice so requires.
(e) Transmission — DifficultiesService. Any attorney, part-yy or other person who elects to file any document by electronic transmission shall-be responsible for any delay,'disruption, ■interruption of the electronic signals-r-and readability of tlm document, and accepts the full risk that-the document may- not-be properly filed with the clerk as a-resufe-
(1)Electronic transmission may be used by a court or clerk for the service of all orders of whatever nature, pursuant to rule 2.516(h), and for the service of any documents pursuant to any ECF Procedures, provided the clerk, together with input from the chief judge of the circuit, has obtained approval from the supreme court of ECF Procedures containing the specific procedures and program to be used in transmitting the orders and documents. All other requirements for the service of such orders must be met.
(2)Any document electronically transmitted to a court or clerk must also be served on all parties and interested persons in accordance with the applicable rules of court.
(f) Administration.
(1) Any clerk of the court-who, after obtaining Ssupreme Ccourt of-Florida approval, accepts for filing documents that have been electronically transmitted shallmust:
(A) provide electronic or telephonic access to its equipment, whether through an e-portal or otherwise, during regular business hours, and all other times as practically feasible;
(B) accept electronic transmission of documents up to 25 megabytes (25MB) in size, or until e-fíling has been fully implemented, accept facsimile transmissions of documents up to 10 pages in length; and
(C) accept filings in excess of 25 megabytes (25MB) in size by electronic storage device or system, which may include a CD-ROM, flash drive, or similar storage system.
(2) All attorneys, parties, or other persons using this rule to file documents are required to make arrangements with the court or clerk of the court for the payment of any charges authorized by general law or the Ssupreme Gcourt of Florida before filing any document by electronic transmission.
(3) The filing date for an electronically transmitted document shall beis the date and time that such filing is acknowledged by an electronic stamp or otherwise, pursuant to any procedure set forth in any ECF Procedures approved by the supreme court, or the date the last page thereofof such filing is received by the court or clerk — of-the court.
*473 (4) Any court or clerk of- the ■ court may extend the hours of access or increase the page or size limitations set forth in this subdivision.
(g) [No Change]
Court Commentary
1997 Amendment. Originally, the rule provided that the follow-up filing had to occur within ten days. In the 1997 amendment to the rule, that requirement was modified to provide that the follow-up filing must occur “immediately” after a document is electronically filed. The “immediately thereafter” language is consistent with language used in the rules of procedure where, in a somewhat analogous situation, the filing of a document may occur after service. Seer, e.g., Florida Rule of Civil Procedure 1.080(d) (“All original papers shall be filed with the court either before service or immediately thereafter.”) (emphasis added). “Immediately thereafter” has been interpreted to mean “filed with reasonable promptness.” Miami Transit Co. v. Ford, 155 So.2d 360 (Fla.1963).
The use of the words “other person” in this rule is not meant to allow a nonlawyer to sign and file pleadings or other papers on behalf of another. Such conduct would constitute the unauthorized practice of law.
RULE 2.535. COURT REPORTING
(a) Definitions.
(l)-(5) [No Change]
(6) “Official record” means the transcript, which is the written or electronically stored record of court proceedings and depositions prepared in accordance with the requirements of subdivision (f).
(b)-(e) [No Change]
(f) Transcripts. Transcripts of all judicial proceedings, including depositions, shall be uniform in and for all courts throughout the state and shall be stored in an electronic format sufficient to communicate the information contained in proceedings in a readable format, and capable of being transmitted electronically as set forth in rule 2.525. Any transcripts stored in electronic form must be capable of being printed in accordance with this rule. The form, size, spacing, and method of printing transcripts are as follows:
(1)-(10) [No Change]
(g)-(j) [No Change]
Committee Note
[No Change]
FLORIDA RULES OF CRIMINAL PROCEDURE
RULE 3.030. SERVICE AND FILING OF PLEADINGS,AND PAPERS, AND DOCUMENTS
(a) Service. Every pleading subsequent to the initial indictment or information on which a defendant is to be tried unless the court otherwise orders, and every order not entered in open court, every written motion unless it is one about which a hearing ex parte is authorized, and every written notice, demand, and similar paperdocument shall be served on each party in conformity with Florida Rule of Judicial Administration 2.516; however, nothing herein shall be construed to require that a plea of not guilty shall be in writing.
(b) Filing. All documents that are “court records” as defined in the Florida Rules of Judicial Administration must be filed with the clerk in accordance with Florida Rules of Judicial Administration 2,520 and 2.525.
(c) Deposit with the Clerk. Any paper document that is a judgment and sentence or required by statute or rule to be sworn to or notarized shall be filed and deposited with the clerk immediately thereafter. The clerk shall maintain de *474 posited original paper documents in accordance with Florida Rule of Judicial Administration 2,430, unless otherwise ordered by the court.
Committee Notes
[No Change]
RULE 3.070. ADDITIONAL TIME AFTER SERVICE BY MAIL, WHEN PERMITTED, OR E-MAIL
Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after the service of a notice or other paper-document-on the-pajpty-and the notice-or paperdocument is served on the party by mail, when permitted, or e-mail, 3 days shall be added to the prescribed period.
Committee Notes
[No Change]
RULE 3.080. NONVERIFICATION OF PLEADINGS
Except when otherwise specifically provided by these rules or an applicable statute, every written pleading or other paper-document of a party represented by -an attorney need not be verified or accompanied by an affidavit.
Committee Notes
[No Change]
RULE 3.090. PLEADING CAPTIONS
Every pleading, motion, order, judgment, or other paperdocument shall have a caption containing the name of the court, the file number, the name of the first party on each side with an appropriate indication of other parties, and a designation identifying the party filing it and its nature, to include if the pleading or document is sworn or the nature of the order, as the ease may be. All papersdocuments filed in the action shall be styled in such a manner as to indicate clearly the subject matter of the paperdocument and the party requesting or obtaining relief.
RULE 3.240. CHANGE OF VENUE
(a)-(h) [No Change]
(i) Action of Receiving Court. The court to which the cause is removed shall proceed to trial and judgment therein as if the cause had originated in that court. If it is necessary to have any of the original pleadings or other papersdocuments before that court, the court from which the cause is removed shall at any time on application of the prosecuting attorney or the defendant order such papersdocuments or pleadings to be transmitted by the clerk, a certified copy thereof being retained.
(j) [No Change]
Committee Notes
[No Change]
RULE 3.851. COLLATERAL RELIEF AFTER DEATH SENTENCE HAS BEEN IMPOSED AND AFFIRMED ON DIRECT APPEAL (a)-(e) [No Change]
(f) Procedure; Evidentiary Hearing; Disposition.
(1) Filing and Service. All pleadings in the postconviction proceeding shall be filed with the clerk of the trial court and served on the assigned judge, opposing party, and the attorney general. Upon the filing of any original court paperdocument in the postconviction proceeding, the clerk of the trial court shall determine that the assigned judge has received a copy. All motions other than the postconviction motion itself shall be accompanied by a notice of hearing.
(2) — (8) [No Change]
(g)-(i) [No Change]
*475 Court Commentary
[No Change]
FLORIDA PROBATE RULES
RULE 5.043. DEPOSIT OF WILLS AND CODICILS
Notwithstanding any rule to the contrary, and unless the court orders otherwise, any original executed will or codicil deposited with the court must be retained by the clerk in its original form and must not be destroyed or disposed of by the clerk for 20 years after submission regardless of whether the will or codicil has been permanently recorded as defined by Florida Rule of Judicial Administration 2,430.
Committee Notes
2012 Adoption. Florida Rule of Judicial Administration 2.525 requires that all documents be filed with the court electronically. Although the Florida Statutes direct the deposit of a will, rather than the filing of the will, the committee believes that original wills and codicils should be retained in their original form longer than other documents filed with the court due to the unique evidentiary aspects of the actual document. These unique aspects could be lost forever if the original document were converted to electronic form and the original destroyed.
Rule History
2012 Revision: New Rule.
w ÍD ¡3 n \U1
tions. Ü C¡ (B I V. 3 p* XJl ct-O oq rH CO
§ 732.901, Fla. Stat. Production of wills.
Rule References
Fla. R. Jud. Admin. 2.430 Retention of court records.
Fla. R. Jud. Admin. 2.525 Electronic filing.
FLORIDA SMALL CLAIMS RULES
RULE 7.080. SERVICE AND FILING OF PLEADINGS AND PAPERSDOCU-MENTS OTHER THAN STATEMENT OF CLAIM
(a)-(c) [No Change]
(d) Filing with the Court Defined. The filing of paporsdocuments with the court as required by these rules is made by filing them with the clerk, except that the judge may permit the papersdocu-ments to be filed with the judge, in which event the judge shall note thereon the filing date and transmit them to the clerk, and the clerk shall file them as of the same date they were filed with the judge. Parties represented by an attorney must file documents in compliance with the electronic filing (e-filing) requirements set forth in the Florida Rules of Judicial Administration. Parties not represented by an attorney may file documents in compliance with the e-filing requirement if permitted by the Florida Rules of Judicial Administration.
(e)-(f) [No Change]
Court Commentary
[No Change]
FLORIDA RULES OF JUVENILE PROCEDURE
PART I. RULES OF GENERAL APPLICATION
RULE 8.000. SCOPE AND PURPOSE These rules shall govern the procedures in the juvenile division of the circuit court in the exercise of its jurisdiction under Florida law.
Part III of these rules governs the procedures for delinquency cases in the juvenile court. Part IÍÍIV governs the procedures for families and children in need of services cases in the juvenile court. The Department of Juvenile Justice shall be *476 referred to as the “department” in these parts.
Part Hill of these rules governs the procedures for dependency cases in the juvenile court. The Department of Children and Family Services shall be referred to as the “department” in that part.
These rules are intended to provide a just, speedy, and efficient determination of the procedures covered by them and shall be construed to secure simplicity in procedure and fairness in administration.
They shall be known as the Florida Rules of Juvenile Procedure and may be cited as Fla. R. Juv. P.
When appropriate the use of singular nouns and pronouns shall be construed to include the plural and the use of plural nouns and pronouns shall be construed to include the singular.
Committee Notes
[No Change]
PARTI. DELINQUENCY PROCEEDINGS
A. PRELIMINARY PROCEEDING
RULE 8.003. FAMILY LAW COYER SHEET
The party opening or reopening a case under Part I, II, III, or IVII, III, IV, or V of these rules shall file with the clerk of the circuit court Florida Family Law Rules of Procedure Form 12.928, Cover Sheet for Family Law Cases.
RULE 8.004. ELECTRONIC FILING
(a)All documents that are court records, as defined in Florida Rule of Judicial Administration 2.430(a)(1), are to be filed by electronic transmission, consistent with the requirements of Florida Rule of Judicial Administration 2.525, provided that:
(1) the clerk has the ability to accept and retain such documents;
(2) the clerk or the chief judge of the circuit has requested permission to accept documents filed by electronic transmission; and
(3) the supreme court has entered an order granting permission to the clerk to accept documents filed by electronic transmission.
(b) All documents filed by electronic transmission under this rule satisfy any requirement for the filing of an original, except where the court, law, or these rules otherwise provide for the submittal of an original.
(c) The following paper documents or other submissions may be manually submitted to the clerk for filing under the following circumstances:
(1) when the clerk does not have the ability to accept and retain documents by electronic filing or has not had electronic court filing procedures (EOF Procedures) approved by the supreme court;
(2) by any self-represented party or any self-represented nonparty unless specific ECF Procedures provide a means to file documents electronically. However, any self-represented nonparty that is a governmental or public agency and any other agency, partnership, corporation, or business entity acting on behalf of any governmental or public agency may file documents by electronic transmission if such entity has the capability of filing documents electronically;
(3) by attorneys excused from e-mail service pursuant to these rules or Florida Rule of Judicial Administration 2.516;
*477 (4) when submitting evidentiary exhibits or filing non-documentary materials;
(5) when the filing involves documents in excess of 25 megabytes (25 MB) in size. For such filings, documents maybe transmitted using an electronic storage medium that the clerk has the ability to accept, which may include a CD-ROM, flash drive, or similar storage medium;
(6) when filed in open court, as permitted by the court;
(7) when paper filing is permitted by any approved statewide or local ECF procedures; and
(8) if any court determines that .justice so requires.
(d) The filing date for an electronically transmitted document is the date and time that such filing is acknowledged by an electronic stamp, or otherwise, pursuant to any procedure set forth in any electronic court filing procedures (ECF Procedures) approved by the supreme court, or the date the last page of such filing is received by the court or clerk.
(e) Where these rules are silent, Florida Rule of Judicial Administration 2,525 controls.
(f) Electronic transmission may be used by a court for the service of all orders, pursuant to Florida Rule of Judicial Administration 2.516, and for the service of filings pursuant to any ECF Procedures, provided the clerk, together with input from the chief judge of the circuit, has obtained approval from the supreme court of ECF Procedures containing the specific procedures and program to be used in transmitting the orders and filings.
PART II. DELINQUENCY PROCEEDINGS
A.PRELIMINARY PROCEEDINGS
RULE 8.005.-RULE 8.015. [No Change]
B.PLEADINGS, PROCESS, AND ORDERS
RULE 8.025.-RULE 8.055. [No Change]
C.DISCOVERY
RULE 8.060.-RULE 8.065. [No Change]
D.ARRAIGNMENTS AND PLEAS
RULE 8.070.-RULE 8.080. [No Change]
E.MOTIONS AND SERVICE OF PLEADINGS
RULE 8.085.-RULE 8.095. [No Change]
F.HEARINGS
RULE 8.100.-RULE 8.120. [No Change]
G.RELIEF FROM ORDERS AND JUDGMENTS
RULE 8.130.-RULE 8.145. [No Change]
H.CONTEMPT
RULE 8.150. [No Change]
I.GENERAL PROVISIONS
RULE 8.160.-RULE 8.185. [No Change]
PART HILL DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS PROCEEDINGS
A. GENERAL PROVISIONS
RULE 8.201.-RULE 8.203. [No Change]
RULE 8.205. TRANSFER OF CASES
(a) Transfer of Cases Within Circuit Court. If it should appear at any time in *478 a proceeding initiated in a division other than the division of the circuit court assigned to handle dependency matters that facts are alleged that essentially constitute a dependency or the termination of parental rights, the court may upon consultation with the administrative judge assigned to dependency cases order the transfer of action and the transmittal of all relevant papersdocuments to the division assigned to handle dependency matters. The division assigned to handle dependency matters shall then assume jurisdiction only over matters pertaining to dependency, custody, visitation, and child support.
(b)-(c) [No Change]
Committee Notes
[No Change]
RULE 8.210.-RULE 8.215. [No Change] RULE 8.217. ATTORNEY AD LITEM
(a) Request. At any stage of the proceedings, any party may request or the court may consider whether an attorney ad litem is necessary to represent any child alleged, or found, to be dependent, if one has not already been appointed.
(b)-(c) [No Change]
(d) Service. An attorney ad litem shall be entitled to receive and must provide service of pleadings and papersdoeuments as provided by rule 8.225.
RULE 8.220.-RULE 8.225. [No Change]
RULE 8.230.-PLEADINGS TO BE SIGNED
(a) Pleading to Be Signed by Attorney. Every written paper document or pleading of a party represented by an attorney shall be signed in the attorney’s individual name by such attorney, whose Florida Bar number, address, and telephone number, including area code, shall be stated and who shall be duly licensed to practice law in Florida. The attorney may be required by an order of court to vouch for the authority to represent such party and to give the address of such party. Except when otherwise specifically provided by these rules or applicable statute, pleadings as such need not be verified or accompanied by affidavit.
(b) Pleading to Be Signed by Unrepresented Party. A party who has no attorney but who represents himself or herself shall sign a written pleading or other pa-perdocument to be filed and state his or her address and telephone number, including area code.
(c) Effect of Signing Pleading. The signature of a person shall constitute a certificate that the paperdocument or pleading has been read; that to the best of the person’s knowledge, information, and belief there is good ground to support it; and that it is not interposed for delay. If a pleading or papordocument is not signed, or is signed with intent to defeat the purpose of this rule, it may be stricken and the action may proceed as though the pleading or paperdocument had not been filed.
*479 Committee Notes
[No Change]
RULE 8.235.-RULE 8.292. [No Change]
B. TAKING CHILDREN INTO CUSTODY AND SHELTER HEARINGS
RULE 8.300.-RULE 8.305. [No Change]
C. PETITION, ARRAIGNMENT, ADJUDICATION, AND DISPOSITION
RULE 8.310.-RULE 8.355. [No Change]
D.CASE PLANS
RULE 8.400.-RULE 8.430. [No Change]
E.TERMINATION OF PARENTAL RIGHTS
RULE 8.500.-RULE 8.535. [No Change]
PART HDV. PROCEEDINGS FOR FAMILIES AND CHILDREN IN NEED OF SERVICES
RULE 8.601.-RULE 8.685. [No Change]
RULE 8.690. DISPOSITION HEARINGS
(a)-(c) [No Change]
(d) Out-of-Home Placement. If the court places the child in out-of-home placement, subsequent proceedings shall be governed by part HUID of these rules.
RULE 8.695. [No Change]
PARTIW. OTHER PROCEEDINGS
A. GUARDIAN ADVOCATES FOR DRUG-DEPENDENT NEWBORNS
RULE 8.705.-RULE 8.735. [No Change]
B. JUDICIAL WAIVER OF PARENTAL NOTICE OF TERMINATION OF PREGNANCY
RULE 8.800.-RULE 8.840. [No Change]
PART VVI. FORMS FOR USE WITH THE RULES OF JUVENILE PROCEDURE
Part VVI. Forms for Use With the Rules of Juvenile Procedure
The following forms are sufficient for the matters that are covered by them. So long as the substance is expressed without prolixity, the forms may be varied to meet the facts of a particular case. Captions, verifications, and certificates of service, except for the designation of the paper, are omitted from most forms. General forms for these are provided at the beginning of the forms.
*480 A.GENERAL FORMS
FORM 8.901.-FORM 8.913. [No Change]
B. DELINQUENCY FORMS
FORM 8.929.-FORM 8.951. [No Change]
C. DEPENDENCY FORMS
FORM 8.958.-FORM 8.978(a). [No Change]
D. TERMINATION OF PARENTAL RIGHTS FORMS
FORM 8.979.-FORM 8.986. [No Change]
E. JUDICIAL WAIVER OF PARENTAL NOTICE OF TERMINATION OF PREGNANCY FORMS
FORM 8.987.-FORM 8.992. [No Change]
FLORIDA RULES OF APPELLATE PROCEDURE
RULE 9.020. DEFINITIONS
The following terms have the meanings shown as used in these rules:
(a)-(g) [No Change]
(h) Applicability of Florida Rules of Judicial Administration. The Florida Rules of Judicial Administration are applicable in all proceedings governed by these rules, except as otherwise provided in these rules. These rules shall govern where in conflict with the Florida Rules of Judicial Administration.
(hi) Rendition (of an Order). An order is rendered when a signed, written order is filed with the clerk of the lower tribunal. However, unless another applicable rule of procedure specifically provides to the contrary, if a final order has been entered and there has been filed in the lower tribunal an authorized and timely motion for new trial, for rehearing, for certification, to alter or amend, for judgment in accordance with prior motion for directed verdict, for arrest of judgment, to challenge the verdict, to correct a sentence or order of probation pursuant to Florida Rule of Criminal Procedure 8.800(b)(1), to withdraw a plea after sentencing pursuant to Florida Rule of Criminal Procedure 3.170(1), or to vacate an order based upon the recommendations of a hearing officer in accordance with Florida Family Law Rule of Procedure 12.491, the following exceptions apply:
(l)-(3) [No Change]
(ij) Rendition of an Appellate Order. If any timely and authorized motion under rule 9.330 or 9.331 is filed, the order shall not be deemed rendered as to any party until all of the motions are either abandoned or resolved by the filing of a written order.
Committee Notes
[No Change]
Court Commentary
[No Change]
RULE 9.110. APPEAL PROCEEDINGS TO REVIEW FINAL ORDERS OF LOWER TRIBUNALS AND ORDERS GRANTING NEW TRIAL IN JURY AND NON-JURY CASES
(a) [No Change]
(b) Commencement. Jurisdiction of the court under this rule shall be invoked by filing an-original and 1-copy-of-a notice, accompanied by any filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
*481 (c) Exception; Administrative Action. In an appeal to review final orders of lower administrative tribunals, the appellant shall file the original notice with the clerk of the lower administrative tribunal within 30 days of rendition of the order to be reviewed, and shall also file a copy of the notice, accompanied by any filing fees prescribed by law, with the clerk of the court.
(d) [No Change]
(e) Record. Within 50 days of filing the notice, the clerk shall prepare the record prescribed by rule 9.200 and serve copies of the index on all parties. Within 110 days of filing the notice, the clerk shall electronically transmit the record to the court.
(f) [No Change]
(g) Cross-Appeal. An appellee may cross-appeal by serving a notice within 10 days of service of the appellant’s timely filed notice of appeal or within the time prescribed for filing a notice of appeal, whichever is later. The original and 1 copy of the notice of cross-appeal, accompanied by any filing fees prescribed by law, shall be filed either before service or immediately thereafter in the same manner as the notice of appeal.
(h)-(i) [No Change]
(j) Exception; Appeal Proceedings from District Courts of Appeal. If the appeal is from an order of a district court of appeal, the clerk shall electronically transmit the record to the court within 60 days of filing the notice. Appellant’s initial brief shall be served within 20 days of filing the notice. Additional briefs shall be served as prescribed by rule 9.210.
(k)-(m) [No Change]
(n) Exception; Appeal of Final Order Dismissing Petition for Judicial Waiver of Parental Notice of Termination of Pregnancy. If an unmarried minor or another person on her behalf appeals an order dismissing a petition for judicial waiver of parental notice of termination of pregnancy, the clerk of the lower tribunal shall prepare and electronically transmit the record as described in rule 9.200(d) within 2 days from the filing of the notice of appeal. The district court of appeal shall render its decision on the appeal as expeditiously as possible and no later than 10 days from the filing of the notice of appeal. Briefs or oral argument may be ordered at the discretion of the district court of appeal. The minor may move for leave to file a brief and may request oral argument. If no decision is rendered within the foregoing time period, the order shall be deemed reversed, the petition shall be deemed granted, and the clerk shall place a certificate to this effect in the file and provide the minor with a certified copy of the certificate. The appeal and all proceedings thereon shall be confidential so that the minor shall remain anonymous. The file shall remain sealed unless otherwise ordered by the court. Should the dismissal of the petition be reversed on appeal, the clerk shall furnish the petitioner with a certified copy of the decision or the clerk’s certificate for delivery to the minor’s physician. No filing fee shall be required for any part of an appeal of the dismissal of a petition for a waiver of parental notice of termination of pregnancy-
Committee Notes
[No Change]
Court Commentary
[No Change]
RULE 9.120. DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL
(a) [No Change]
*482 (b) Commencement. The jurisdiction of the supreme court described in rule 9.030(a)(2)(A) shall be invoked by filing 2 copies-of — a notice, accompanied by any filing fees prescribed by law, with the clerk of the district court of appeal within 30 days of rendition of the order to be reviewed.
(c)-(d) [No Change]
(e) Accepting or Postponing Decision on Jurisdiction; Record. If the supreme court accepts or postpones decision on jurisdiction, the court shall so order and advise the parties and the clerk of the district court of appeal. Within 60 days thereafter or such other time set by the court, the clerk shall electronically transmit the record.
(f) [No Change]
Committee Notes
[No Change]
RULE 9.125. REVIEW OF TRIAL COURT ORDERS AND JUDGMENTS CERTIFIED BY THE DISTRICT COURTS OF APPEAL AS REQUIRING IMMEDIATE RESOLUTION BY THE SUPREME COURT
(a)-(d) [No Change]
(e) Form. The suggestion shall be limited to 5 pages and shall contain all of the following elements:
(1) A statement of why the appeal requires immediate resolution by the supreme court.
(2) A statement of why the appeal
(A) is of great public importance, or
(B) will have a great effect on the proper administration of justice throughout the state.
(3) A certificate signed by the attorney stating:
I express a belief, based on a reasoned and studied professional judgment, that this appeal requires immediate resolution by the supreme court and (a) is of great public importance, or (b) will have a great effect on the administration of justice throughout the state.
[[Image here]]
(4)An appendix containing a conformed copy of the order to be reviewed.
(f) [No Change]
(g) Procedure When Supreme Court Accepts Jurisdiction. The jurisdiction of the supreme court attaches on rendition of the order accepting jurisdiction. If the supreme court accepts jurisdiction, it shall so order and advise the parties, the clerk of the district court, and the clerk of the lower tribunal. The clerk of the court in possession of the record shall transferelec-tronically transmit the record in the case to the supreme court within 10 days thereafter. The supreme court shall issue a briefing schedule and all papers formerly required to be filed in the district court shall be filed in the supreme court. If the supreme court denies jurisdiction, it shall so order and advise the parties and the clerk of the district court.
Committee Notes
[No Change]
RULE 9.130. PROCEEDINGS TO REVIEW NON-FINAL ORDERS AND SPECIFIED FINAL ORDERS
(a) [No Change]
(b) Commencement. The jurisdiction to seek review of orders described in subdivisions (a)(3)-(a)(6) shall be invoked by filing *483 2-copies of a notice, accompanied by any filing fees prescribed by law, with the clerk of the lower tribunal within 30 days of rendition of the order to be reviewed.
(c)-(h) [No Change]
Committee Notes
[No Change]
RULE 9.140. APPEAL PROCEEDINGS IN CRIMINAL CASES
(a) [No Change]
(b) Appeals by Defendant.
(1) [No Change]
(2) Guilty or Nolo Contendere Pleas.
(A) [No Change]
(B) Record.
(i) [No Change]
(ii) Upon good cause shown, the court, or the lower tribunal before the record is electronically transmitted, may expand the record.
(3) — (4) [No Change]
(c) [No Change]
(d) Withdrawal of Defense Counsel after Judgment and Sentence or after Appeal by State.
(1) The attorney of record for a defendant in a criminal proceeding shall not be relieved of any professional duties, or be permitted to withdraw as defense counsel of record, except with approval of the lower tribunal on good cause shown on written motion, until either the time has expired for filing an authorized notice of appeal and no such notice has been filed by the defendant or the state, or after the following have been completed:
(A)-(D) [No Change]
(E) in publicly funded defense and state appeals, when the lower tribunal has entered an order appointing the office of the public defender for the local circuit, the district office of criminal conflict and civil regional counsel, or private counsel as provided by chapter 27, Florida Statutes, that office, or attorney shall remain counsel for the appeal until the record is electronically transmitted to the appellate court. In publicly funded state appeals, defense counsel shall additionally file with the appellate court a copy of the lower tribunal’s order appointing the local public defender, the office of criminal conflict and civil regional counsel, or private counsel. In non-publicly funded defense and state appeals, retained appellate counsel shall file a notice of appearance in the appellate court, or defense counsel of record shall file a motion to withdraw in the appellate court, with service on the defendant, that states what the defendant’s legal representation on appeal, if any, is expected to be. Documents filed in the appellate court shall be served on the attorney general (or state attorney in appeals to the circuit court).
(2) [No Change]
(e) [No Change]
(f) Record.
(1) [No Change]
(2) Transcripts.
(A)-(B) [No Change]
(C)Except as permitted in subdivision (f)(2)(D) of this rule, the parties shall designate the approved court reporter or approved transcriptionist to file with the clerk of the lower tribunal the original transcripts for the court and sufficient paper copies for the state and all-indigent-defendants all parties exempt from service by email as set forth in the Florida Rules of Judicial Administration.
*484 (D) Non-indigent defendants represented by counsel may designate the approved court reporter or approved transcriptionist to prepare only origi-nalthe transcripts. Counsel adopting this procedure shall, within 5 days of receipt of the original transcripts from the approved court reporter or approved transcriptionist, file the original-transcripts along with'■■■securely bound- copies for the state and all defendants. Counsel shall serve notice of the use of this procedure on the attorney general (or the state attorney in appeals to circuit court) and the clerk of the lower tribunal. Counsel shall attach a certificate to each copy-transcript certifying-that it-is-an-aeea-rate and complete copy of the original transcript. When this procedure is used, the clerk of the lower tribunal upon conclusion of the appeal shall retain the original — transcript(s) for use as needed by the state in any collateral proceedings and shall not destroydispose of the transcripts without the consent of the Office of the Attorney General.
(E) In state appeals, the state shall designate the approved court reporter or approved transcriptionist to prepare and file with the clerk of the lower tribunal the original transcripts and sufficient copies for all separately represented defendantsparties exempt from service by e-mail as set forth in the Florida Rules of Judicial Administration. Alternatively, the state may elect to use the procedure specified in subdivision (f)(2)(D) of this rule.
(F) The lower tribunal may by administrative order in publicly-funded cases direct the clerk of the lower tribunal rather than the approved court reporter or approved transcrip-tionist to prepare the necessary copies of-the-original-transcripts.
(3) Retention of Documents. Unless otherwise ordered by the court, the clerk of the lower tribunal shall retain allany original documents except the original.transcripts-designated for appeal-which shall- be included in the record transmitted to the court.
(4) — (5) [No Change]
(6) Supplemental Record for Motion to Correct Sentencing Error Pursuant to Florida Rule of Criminal Procedure 3.800(b)(2).
(A) The clerk of circuit court shall automatically supplement the appellate record with any motion pursuant to Florida Rule of Criminal Procedure 3.800(b)(2), any response, any resulting order, and any amended sentence. The clerk shall electronically transmit the supplement to the appellate court within 5 days of the filing of the order ruling on the motion. If an order is not filed within 60 days from the filing of the motion, this time shall run from the expiration of the 60 day period, and the clerk shall supplement the record with the motion and a statement that no order was timely filed.
(B) [No Change]
(g)-(i) [No Change]
Committee Notes
[No Change]
Court Commentary
[No Change]
RULE 9.141. REVIEW PROCEEDINGS IN COLLATERAL OR POST-CONVICTION CRIMINAL CASES
(a) [No Change]
(b) Appeals from Post-Conviction Proceedings Under Florida Rule of *485 Criminal Procedure 3.800(a), 3.850, or 3.853.
(1) [No Change]
(2) Summary Grant or Denial of Motion Without Evidentiary Hearing.
(A) When a motion for post-conviction relief under rule 3.800(a), 3.850, or 3.853 is granted or denied without an evidentiary hearing, the clerk of the lower tribunal shall electronically transmit to the court, as the record, copies- of the motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, together with the certified copy of the notice of appeal.
(B)-(D) [No Change]
(3) Grant or Denial of Motion after Evidentiary Hearing.
(A) [No Change]
(B) Record.
(i) When a motion for post-conviction relief under rule 3.850 or 3.853 is granted or denied after an evi-dentiary hearing, the clerk of the lower tribunal shall index, paginate, and electronically transmit to the court as the record, within 50 days of the filing of the notice of appeal, copies of the notice of appeal, motion, response, reply, order on the motion, motion for rehearing, response, reply, order on the motion for rehearing, and attachments to any of the foregoing, as well as the original transcript of the evidentia-ry hearing.
(ii)-(iii) [No Change]
(C) [No Change]
(c)-(d) [No Change]
Committee Notes
[No Change]
RULE 9.142. PROCEDURES FOR REVIEW IN DEATH PENALTY CASES
(a) Procedure in Death Penalty Appeals.
(1) Record.
(A) [No Change]
(B) The complete record in a death penalty appeal shall include all items required by rule 9.200 and by any order issued by the supreme court. In any appeal following the initial direct appeal, the record that is electronically transmitted shall begin with the most recent mandate issued by the supreme court, or the most recent filing not already electronically transmitted in a prior record in the event the preceding appeal was disposed of without a mandate, and shall exclude any materials already transmitted to the supreme court as the record in any prior appeal.
(C) [No Change]
(2) Briefs; Transcripts. After the record is filed, the clerk will promptly establish a briefing schedule allowing the defendant 60 days from the date the record is filed, the state 45 days from the date the defendant’s brief is served, and the defendant 30 days from the date the state’s brief is served to serve their respective briefs. On appeals from orders ruling on applications for relief under Florida Rule of Criminal Procedure 3.851 or 3.853, and on resentencing matters, the schedules set forth in rule 9.140(g) will control. In-addition to filing paper-copies of transcripts, the court reporter-shall file with the clerk of the lower tribunal, on clearly labeled com puter disks in a format approved by the supreme court, sufficient-copies of these transcripts — for -the clerk-of the lower *486 tribunal to include the disks-in the record'transmitted-to the-court and to the par-ties*
(3) — (5) [No Change]
(b) Petitions for Extraordinary Relief.
(1) — (2) [No Change]
(3) Petitions Seeking Belated Appeal.
(A) Contents. A petition for belated appeal shall include a detailed allegation of the specific acts sworn to by the petitioner or petitioner’s counsel that constitute the basis for entitlement to belated appeal, including whether petitioner requested counsel to proceed with the appeal and the date of any such request, whether counsel misadvised the petitioner as to the availability of appellate review or the filing of the notice of appeal, or whether there were circumstances unrelated to counsel’s action or inaction, including names of individuals involved and date(s) of the occurrence(s), that were beyond the petitioner’s control and otherwise interfered with the petitioner’s ability to file-te-S© a timely appeal.
(B) [No Change]
(4) [No Change]
(c) [No Change]
(d) Review of Dismissal of Postcon-victionPost-Conviction Proceedings and Discharge of Counsel in Florida Rule of Criminal Procedure 3.851(i) Cases.
(1) [No Change]
(2) Procedure Following Rendition of Order of Dismissal and Discharge.
(A) Notice to Court. Within 10 days of the rendition of an order granting a prisoner’s motion to discharge counsel and dismiss the motion for postconvictionpost-conviction relief, discharged counsel shall file with the clerk of the circuit court 2 copies ef-a notice seeking review in the supreme court.
(B) [No Change]
(C) Record. Within 30 days of the granting of a motion to dismiss and discharge counsel, the clerk of the circuit court shall forwardelectronically transmit a copy of the motion, order, and transcripts of all hearings held on the motion to the clerk of the supreme court.
(D) [No Change]
Committee Notes
[No Change]
RULE 9.145. APPEAL PROCEEDINGS IN JUVENILE DELINQUENCY CASES
(a)-(d) [No Change]
(e) Confidentiality. All documents that are filed in papers format under seal shall remain sealed in the office of the clerk of court when not in use by the court, and shall not be open to inspection except by the parties and their counsel, or as otherwise ordered.
Committee Notes
[No Change]
RULE 9.146. APPEAL PROCEEDINGS IN JUVENILE DEPENDENCY AND TERMINATION OF PARENTAL RIGHTS CASES AND CASES INVOLVING FAMILIES AND CHILDREN IN NEED OF SERVICES
(a)-(e) [No Change]
(f) Confidentiality. All documents that are filed in papers format under seal shall remain sealed in the office of the clerk of the court when not in use by the court, and shall not be open to inspection except by *487 the parties and their counsel, or as otherwise ordered.
(g) Special Procedures and Time Limitations Applicable to Appeals of Final Orders in Dependency or Termination of Parental Rights Proceedings.
(1) [No Change]
(2) The Record.
(A) [No Change]
(B) Transcripts of Proceedings. The appellant shall file a designation to the court reporter, including the name(s) of the individual court reporter(s), if applicable, with the notice of appeal. The designation shall be served on the court reporter on the date of filing and shall state that the appeal is from a final order of termination of parental rights or of dependency, and that the court reporter shall provide the transcript(s) designated within 20 days of the date of service. Within 20 days of the date of service of the designation, the court reporter shall transcribe and file with the clerk of the lower tribunal the original transcripts and sufficient copies for the — Department of Children and Family Services, the guardian ad litem, and all-indigent partiesall parties exempt from service by e-mail as set forth in the Florida Rules of Judicial Administration. If extraordinary reasons prevent the reporter from preparing the transcript(s) within the 20 days, the reporter shall request an extension of time, shall state the number of additional days requested, and shall state the extraordinary reasons that would justify the extension.
(C) Directions to the Clerk, Duties of the Clerk, Preparation and Transmittal of the Record. The appellant shall file directions to the clerk with the notice of appeal. The clerk shall electronically transmit the record to the court within 5 days of the date the court reporter files the transcript(s) or, if a designation to the court reporter has not been filed, within 5 days of the filing of the notice of appeal. When the record is electronically transmitted to the court, the clerk shall simultaneously serve copies efelectronically transmit the record to the Department of Children and Family Services, the guardian ad litem, the indigent -parties or counsel appointed to represent any indigent parties, and shall simultaneously serve copies of the index to all non-indigent parties, and, upon their request, copies of the record or portions thereof-at the-eost prescribed by law. The clerk shall provide the record in paper form to all parties exempt from service by e-mail as set forth in the Florida Rules of Judicial Administration.
(3)-(7) [No Change]
(h) [No Change]
Committee Notes
[No Change]
RULE 9.160. DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF COUNTY COURTS
(a) [No Change]
(b) Commencement. Any appeal of an order certified by the county court to be of great public importance must be taken to the district court of appeal. Jurisdiction of the district court of appeal under this rule shall be invoked by filing 2 copies-of- a notice and a copy of the order containing certification, accompanied by any filing fees prescribed by law, with the clerk of the lower tribunal. The time for filing the appeal shall be the same as if the appeal were being taken to the circuit court.
(c)-(j) [No Change]
*488 Committee Notes
[No Change]
RULE 9.180. APPEAL PROCEEDINGS TO REVIEW WORKERS’ COMPENSATION CASES
(a) [No Change]
(b) Jurisdiction.
(1) — (2) [No Change]
(3) Commencement. Jurisdiction of the court shall be invoked by filing two copies of-a notice of appeal with the lower tribunal, accompanied by the filing fee prescribed by law unless a verified petition for relief from payment of the fee has been filed with the lower tribunal within 30 days of the date the order to be reviewed is mailed by the lower tribunal to the parties, which date shall be the date of rendition.
(4) [No Change]
(c)-(i) [No Change]
Committee Notes
[No Change]
RULE 9.200. THE RECORD
(a) Contents.
(1) — (4) [No Change]
(5) Where any court record, as defined in Florida Rule of Judicial Administration 2.420(b)(1)(A), of proceedings in the lower tribunal has been made or maintained in one of the following electronic formats: fully searchable indexed PDF; fully searchable non-indexed PDF; or, non-searchable PDF
(A) the record, as defined in subdivision (a)(1) through (a)(3), shall be comprised of the electronic form of those items described in subdivision (a)(1) that were created or maintained in the aforementioned electronic formats; or
(B) where the parties elect to prepare a stipulated statement in accordance with subdivision (a)(4), the stipulated statement and its attachments shall be filed electronically in one of the aforementioned electronic formats.
(b) Transcript(s) of Proceedings.
(1) Within 10 days of filing the notice, the appellant shall designate those portions of the proceedings not on file deemed necessary for transcription and inclusion in the record. Within 20 days of filing the notice, an appellee may designate additional portions of the proceedings. Copies of designations shall be served on the approved court reporter, civil court reporter, or approved transcriptionist. Costs of the original and all copies of the-transcript(s) so designated shall be borne initially by the designating party, subject to appropriate taxation of costs as prescribed by rule 9.400. At the time of the designation, unless other satisfactory arrangements have been made, the designating party must make a deposit of 1/2 of the estimated transcript costs, and must pay the full balance of the fee on delivery of the completed transcript(s).
(2) Within 30 days of service of a designation, or within the additional time provided for under subdivision (b)(3) of this rule, the approved court reporter, civil court reporter, or approved transcriptionist shall transcribe and file with the clerk of the lower tribunal the designated proceedings and shall serve copies as requested in the designation. In--a44ition to the paper-copies, the approved- court reporter, civil court reporter-,--or- approved transcriptionist shall file -with the clerk-of the lower tribunal- and serve on the -designated parties an electronic copy-of the designated-proceedings in a format approved by the supreme court. If a designating *489 party directs the approved court reporter, civil court reporter, or approved transcriptionist to furnish the transcript(s) to fewer than all parties, that designating party shall serve a copy of the designated transcript(s), in both electronic-and paper form, on the parties within 5 days of receipt from the approved court reporter, civil court reporter, or approved transcriptionist. The transcript of the trial shall be securely boundorganized in consecutively numbered volumes not to exceed 200 pages each, and each page shall be numbered consecutively. Each volume shall be prefaced by an index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found.
(3) On service of a designation, the approved court reporter, civil court reporter, or approved transcriptionist shall acknowledge at the foot of the designation the fact that it has been received and the date on which the approved court reporter, civil court reporter, or approved transcriptionist expects to have the transcript(s) completed and shall transmitserve the so-endorsed des- and tofile it with the clerk of the appellate court within 5 days of service. If the transcript(s) cannot be completed within 30 days of service of the designation, the approved court reporter, civil court reporter, or approved transcrip-tionist shall request such additional time as is reasonably necessary and shall state the reasons therefor. If the approved court reporter, civil court reporter, or approved transcriptionist requests an extension of time, the court shall allow the parties 5 days in which to object or agree. The appellate court shall approve the request or take other appropriate action and shall notify the reporter and the parties of the due date of the transcript(s).
(4) If no report of the proceedings was made, or if the transcript is unavailable, a party may prepare a statement of the evidence or proceedings from the best available means, including the party’s recollection. The statement shall be served on all other parties, who may serve objections or proposed amendments to it within 10 days of service. Thereafter, the statement and any objections or proposed amendments shall be submitted tofiled with the lower tribunal for settlement and approval. As settled and approved, the statement shall be included by the clerk of the lower tribunal in the record.
(c) [No Change]
(d) Duties of Clerk; Preparation and Transmittal of Record.
(1) The clerk of the lower tribunal shall prepare the record as follows:
(A) [No Change]
(B) The remainder of the record, including all supplements and any transcripts other than the transcript of the trial, shall be consecutively numbered. The record shall be securely- boundorganized in consecutively numbered volumes not to exceed 200 pages each. The cover sheet of each volume shall contain the name of the lower tribunal and the style and number of the case. Any volume of the record that is prepared in paper format shall be securely bound.
(C) The record, or portions of the record, prepared in accordance with subdivision (a)(5) shall be organized, numbered, and formatted in accordance with subdivision (d)(1)(A)(d)(1)(B), except that each such volume shall be prepared in electronic format as a PDF file having the index *490 ing and searching characteristics of the electronic items comprising that volume of the record. The index and progress docket shall also be included as a separate indexed, fully searchable PDF file.
(2) [No Change]
(3) The clerk of the lower tribunal shall certify and transmit the record to the court as prescribed by these rules* provided that if the par-ties stipulate or the lower tribunal orders that the original record ■ be retained, the clerk shall prepare and transmit a-cer-tified-copy.
(e)-(g) [No Change]
Committee Notes
[No Change]
RULE 9.210. BRIEFS
(a) Generally. In addition to briefs on jurisdiction under rule 9.120(d), the only briefs permitted to be filed by the parties in any one proceeding are the initial brief, the answer brief, a reply brief, and a cross-reply brief. All briefs required by these rules shall be prepared as follows:
(1) When not filed in electronic format, bBriefs shall be printed, typewritten, or duplicated on opaque, white, unglossed 8 ½-by — 1-1 inch paper. The dimensions of each page of a brief, regardless of format, shall be 8½ by 11 inches.
(2) The lettering in briefs shall be black and in distinct type, double-spaced, with margins no less than 1 inch. Lettering in script or type made in imitation of handwriting shall not be permitted. Footnotes and quotations may be single spaced and shall be in the same size type, with the same spacing between characters, as the text. Computer-generated briefs shall be subrnit-tedfiled in either Times New Roman 14-point font or Courier New 12-point font. All computer-generated briefs shall contain a certificate of compliance signed by counsel, or the party if unrepresented, certifying that the brief complies with the font requirements of this rule. The certifícate of compliance shall be contained in the brief immediately following the certifícate of service.
(3) Paper copies of bBriefs shall be securely bound in book form and fastened along the left side in, a manner that will allow them to lie flat when opened or be securely stapled in the upper left corner. Headings and subheadings shall be at least as large as the brief text and may be single spaced.
(4) — (5) [No Change]
(b)-(f) [No Change]
(g) Filing-w-ith Courts. — The filing-requirements of the courts are as follows:
(1) Circuit Courts. — Original and 1 copy,
(2) District Courts of Appeal, Original and 3 copies.
(3) Supreme Court. — Original and-7 copies; except-that-5 copies only shall accompany the — original jurisdictional br-iefs prescribed-in-rule 9.120(d-b
(h)-Citations. Counsel are requested to use the uniform citation system prescribed by rule 9.800.
Committee Notes
[No Change]
Court Commentary
[No Change]
RULE 9.220. APPENDIX
(a) [No Change]
(b) Contents. The appendix shall contain an index and a conformed copy of the opinion or order to be reviewed and may contain any other portions of the record *491 and other authorities. — It~shall be -separately-bound or separated from the-petition, brief» motionrresponse, or reply by a divider and appropriate tab. Asterisks should be used to indicate omissions in documents or testimony of witnesses.
(c) Format. Unless otherwise authorized by court order or court rule, the appendix shall be prepared and filed electronically with the clerk as an independent PDF file or series of independent PDF files. When a paper appendix is authorized, it shall be separately bound or separated from the petition, brief, motion, response, or reply by a divider and appropriate tab, and the following additional requirements shall apply: (1) iif the appendix includes documents filed before January 1991 on paper measuring 8½ by 14 inches, the documents should be reduced in copying to 8⅜ by 11 inches, if practicable-;- and (2) iifreduction is impracticable, the appendix may measure 8 ½ by 14 inches, but it should be bound separately from the document that it accompanies.
Committee Notes
[No Change]
RULE 9.360. PARTIES
(a) Joinder. A party to the cause in the lower tribunal who desires to join in a
proceeding as a petitioner or appellant shall serve a notice to that effect no later than the latest of the following: (i) within 10 days of service of a timely filed petition or notice of appeal; (ii) within the time prescribed for filing a notice of appeal; or (iii) within the time prescribed in rule 9.100(c). The original- and 1-copy of the notice of joinder, accompanied by any filing fees prescribed by law, shall be filed either before service or immediately thereafter in the same manner as the petition or notice of appeal.
(b)-(c) [No Change]
Committee Notes
[No Change]
RULE 9.500. ADVISORY OPINIONS TO GOVERNOR
(a) Filing. A request by the governor for an advisory opinion from the justices of the supreme court on a question affecting gubernatorial powers and duties shall be in writing. The original and 7 copiesrequest shall be filed with the clerk of the supreme court.
(b) [No Change]
Committee Notes
[No Change]
*492 [[Image here]]
(a) Filing. A request by the attorney genera! for an advisory opinion from the justices of the supreme court concerning the validity of an initiative petition for the amendment of the Florida Constitution shall ⅛⅜ ⅛ writing. The original and 7 oopfosrecm&st shall be filed with the clerk of the supreme court
(M-(c) [No Change]
Committee Notes
[No Change]
RULE 9.900. FORMS
(a) Notice of Appeal.
[[Image here]]
*493 [[Image here]]
(b) Notice of Cross-Appeal.
[[Image here]]
*494 [[Image here]]
(c) Notice of Appeal of Non-Knal Order.
[[Image here]]
(d) Notice to Invoke Discretionary Jurisdiction of Supreme Court.
*495 [[Image here]]
(e) Notice of Administrative Appeal,
*496 [[Image here]]
(0 Notice of Appeal of m Order Dismissing a Petition for a Judicial Waiver of Parental Notice of Termination of Pregnancy and Advisory Notice to Minor.
*497 [[Image here]]
*498 [[Image here]]
(g) Directions to Clerk.
*499 [[Image here]]
(h) Designation to Approved Court Reporter, Civil Coart Reporter, or Approved Transcriptionist.
*500 [[Image here]]
*501 [[Image here]]
*502 [[Image here]]
*503 [[Image here]]
Committee Motea
Pfo Change]
FLORIDA FAMILY LAW RULES OF PROCEDURE
RULE 12.010* SCOPE, PURPOSE, AMD TUPLE
(a) [No C&aage]
(h) Purpose.
(1) [No Change]
(2) Nothing shall prohibit any intake personnel to family law divisions from assisting to. the preparation of naBersdoeitmenfe or foot» to be filed in any action under these rules,
<c) [No Change!
RULE 12.025* APPLICABILITY OF RULES OF .IIIDICiAI ADMINISTRATION
⅛⅜..Electronic Filing. Florida Rules of Indicia! Administration 2.520 and 2.525 are applicable in all family law matters except as otherwise provided in these rules..
*504 (b) Exceptions. Any document filed pursuant to any proceeding under Chapter 63, Florida Statutes, which may be relied upon by the court to terminate parental rights, including consent for adoption or affidavit of nonpaternity, shall be exempt from the requirements of Rule of Judicial
Administration 2.525(c).
RULE 12.040. ATTORNEYS
(a)-(b) [No Change]
(c) Scope of Representation.
(1) [No Change]
(2) An attorney for the State’s Title IV-D child support enforcement agency who appears in a family law matter governed by these rules shall file a notice informing the recipient of Title IV-D services and other parties to the case that the IV-D attorney represents only the Title IV-D agency and not the recipient of IV-D services. The notice must state that the IV-D attorney may only address issues concerning determination of paternity, and establishment, modification, and enforcement of support obligations. The notice may be incorporated into a pleading, motion, or other paperdocument filed with the court when the attorney first appears.
(d)-(f) [No Change]
Committee Notes
[No Change]
RULE 12.080. SERVICE OF PLEADINGS AND FILING OF PAPERSDOCU-MENTS
(a) Service.
(1) Family Law Actions Generally. Service of pleadings and paporsdocu-ments after commencement of all family law actions except domestic, repeat, dating, and sexual violence shall be as set forth in Florida Rule of Judicial Administration 2.516, except that rule 2.516 shall also apply to service on the party during the attorney’s limited appearance as provided in rule 12.040(f) and be expanded as set forth in subdivisions (b) and (c) to include additional requirements for service of recommended orders and for service on defaulted parties.
(2) Domestic, Repeat, Dating, and Sexual Violence Actions. Service of pleadings and papersdocuments regarding domestic, repeat, dating, and sexual violence actions shall be governed by Florida Family Law Rule of Procedure 12.610, where it is in conflict with this rule.
(b) [No Change]
(c) Defaulted Parties. No service need be made on parties against whom a default has been entered, except that:
(1) [No Change]
(2) Notice of final hearings or trials and court orders shall be served on defaulted parties in the manner provided for service of pleadings and papersdocu-ments contained in Florida Rule of Judicial Administration 2.516.
(3) [No Change]
Commentary
[No Change]
Committee Notes
[No Change]
RULE 12.200. CASE MANAGEMENT AND PRETRIAL CONFERENCES
(a) Case Management Conference.
*505 (1) Family Law Proceedings, Generally. A case management conference may be ordered by the court at any time on the court’s initiative. A party may request a case management conference 30 days after service of a petition or complaint. At such a conference the court may:
(A) schedule or reschedule the service of motions, pleadings, and other papersdocuments;
(B)-(O) [No Change]
(2) [No Change]
(b)-(d) [No Change]
Commentary
[No Change]
Committee Note
[No Change]

. We have jurisdiction. See art. V, § 2(a), Fla. Const.

. E-mail service will be mandatory for attorneys practicing in the civil, probate, small claims, and family law divisions of the trial courts, as well as in all appellate cases, before electronic filing is mandatory. E-mail service will be mandatory for attorneys practicing in the criminal, traffic, and juvenile divisions of the trial courts on the same date that electronic filing also becomes mandatory for this group. See id. slip op. at 9.

. As a necessary prerequisite to providing the public with electronic access to court records, we recently adopted rule amendments that reduce the amount of extraneous personal information in court records. See In re Implementation of Comm. on Privacy & Court Records Recommendations—Amends. to Fla. Rules of Civ. Pro.; Fla. Rules of Jud. Admin.; Fla. Rules of Crim. Pro.; Fla. Probate Rules; Fla. Small Claims Rules; Fla. Rules of App. Pro.; Fla. Family Law Rules of Pro., 78 So.3d 1045 (Fla.2011). We also adopted procedures that allow the clerks of court to more easily identify and screen from the public confidential information filed with the court and procedures for sealing and unsealing court records. See In re Amends. to Fla. Rule of Jud. Admin. 2.420 & Fla. Rules of App. Pro., 31 So.3d 756 (Fla.2010).

.The implementation schedule is based on recommendations and input from the Florida Courts Technology Commission and the Florida Courts E-Filing Authority. This schedule may change after the Court considers the report from the E-Filing Authority addressing the status of the statewide e-portal, and the response from the Florida Courts Technology Commission, requested on September 19, 2012. In re Amends. to Fla. Rules of Civ. Pro., Fla. Rules of Jud. Admin., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro.—Electronic Filing, No. SCI 1-399 (Fla. order entered Sept. 19, 2012).

. See generally In re Statewide Standards for Electronic Access to the Courts, Fla. Admin. Order No. AOSC09-30, at 1 (July 1, 2009); Amends, to Rules of Jud. Admin.—Rule 2.090—Electronic Transmission & Filing of Documents, 681 So.2d 698 (Fla.1996).

. See In re Amends. to Fla. Rules of Jud. Admin.—Reorganization of the Rules, 939 So.2d 966 (Fla.2006) (renaming and renumbering rule 2.090 (Electronic Filing of Matters in all Proceedings Within the State Courts System) as rule 2.525 (Electronic Filing)).

. In In re Amendments to Florida Rules of Judicial Administration—Rule 2.236, 41 So.3d 128 (Fla.2010), we adopted new Rule of Judicial Administration 2.236 (Florida Courts Technology Commission), which authorized the Florida Courts Technology Commission to review and approve applications for new court technology systems and modifications to existing systems to ensure compliance with standards adopted by the Court.

. The Florida Courts Technology Commission, in its Supplemental Comment in this case, indicated that all 67 counties in Florida have received approval of their plans for electronic filing in some or all divisions of their trial courts. At the time the comment was filed, the clerk's offices in 16 counties had begun to receive documents filed through the statewide e-portal. See infra p. 11, note 9 (discussing statewide e-portal).

. The statewide e-portal is intended to be a statewide access point for electronic access and transmission of court records to and from the Florida courts. As conceived, all filers of court records, lawyers and nonlawyers, would use the e-portal for secure electronic access to the court, including electronic filing. The e-portal will be capable of accepting electronic filings from multiple sources, using common data elements passing to and from each local case system. See Florida Supreme Court Standards for Electronic Access to the Courts, Sec. 2.0 (adopted in In re Statewide Standards for Electronic Access to the Courts, Fla. Admin. Order No. AOSC09-30) (Version 7.0 Adopted modifications, Feb. 2012, found on this court's website at: http://www.flcourts. org/gen_public/technology/e-filinginfostatus. shtml). In the implementation plan originally proposed by the FCTC, FACC, and the E-Filing Authority, it was anticipated that all trial court clerks would be prepared to accept documents filed electronically through the statewide e-portal in the civil divisions on July 1, 2012. The E-Filing Authority now reports that there are several counties that will not be able to accept electronic filings on that date, primarily due to a lack of resources and the requirements for system conversions, which vary from county to county.

. The Court’s order indicated that the work-group should include, but not be limited to, representatives from the Criminal Procedure Rules Committee, the Florida Prosecuting Attorneys Association, the Florida Public Defender Association, and the FACC.

. Florida Rule of Judicial Administration 2.430(a)(1) defines the term "court records” as:
[T]he contents of the court file, including the progress docket and other similar records generated to document activity in a case, transcripts filed with the clerk, documentary exhibits in the custody of the clerk, and electronic records, videotapes, or stenographic tapes of depositions or other proceedings filed with the clerk, and electronic records, videotapes or stenographic tapes of court proceedings.

. Under amended rule 2.525(c)(3), the documents contained in the official court file are deemed “original” documents for all purposes.

. Amended rule 2.525(d)(2) provides that any self-represented nonparty that is a governmental or public agency (or any other agency, partnership, corporation, or business entity acting on behalf of any governmental or public agency) may, but is not required to, file documents by electronic transmission. We direct the RJA Committee, with input from the FCTC, to monitor the progress of electronic filing by nonparty governmental or public agencies and file a report with the Court by July 1, 2013, advising whether this exemption is still necessary. If the RJA Committee determines that the exemption is not necessary it should propose appropriate rule amendments.

. In In re E-mail Service Rule, we adopt new Florida Rule of Judicial Administration 2.516 (Service of Pleadings and Documents), which requires attorneys to serve documents by email. Pursuant to subdivision (b)(1)(B) of the new rule, attorneys may file a motion to be excused from mandatory e-mail service, demonstrating that the attorney has no e-mail account and lacks access to the Internet at his or her office. See id., No. SC10-2101, slip op. at 5.

. As adopted in In re E-mail Service Rule, rule 2.516(h) provides that a copy of all orders or judgments must be transmitted by the court or under its direction to all parties at the time of entry of the order or judgment. The court may choose to serve any order or judgment by e-mail to all attorneys who have not been excused from e-mail service and to all parties not represented by an attorney who have designated an e-mail address for service. See In re E-mail Service Rule, No. SC10-2101, slip op. at 7.

. Pursuant to Florida law, original wills are "deposited” with the clerk of court having venue over the decedent’s estate, rather than "filed.” See § 732.901(1), Fla. Stat. (2011).

. Rule 2.430(a)(3) defines the phrase "permanently recorded” to mean that a document has been microfilmed, optically imaged, or recorded onto an electronic record-keeping system in accordance with standards adopted by the Supreme Court of Florida.

.We have also revised the Juvenile Court Rules Committee’s proposed new rule 8.004 (Electronic Filing), subdivision (c), to be consistent with Florida Rule of Judicial Administration 2.525(d).

.The FCTC and the E-Filing Authority have urged the Court to adopt a limited waiver process for any attorney or clerk who cannot comply with mandatory electronic filing for good cause. Accordingly, any clerk may submit a request with this Court to delay the effective date of these rules in any division or court. If the request is granted, an Administrative Order will be issued, which will be published on this Court's website and on the requesting court's website. Additionally, we request that the RJA Committee, in consultation with the FCTC and the E-Filing Authority, consider whether any additional waiver procedures are necessary for attorneys or clerks. If the RJA Committee determines that a further waiver process is necessary, it may propose appropriate procedures.

. This includes juvenile delinquency proceedings, dependency and termination of parental rights proceedings, and proceedings for families and children in need of services.

. The RJA Committee should review whether any changes to the rules of procedure are necessary to accommodate e-filing in Baker Act proceedings. Similarly, the Criminal Court Steering Committee, together with the RJA Committee, should review whether any changes to the rules are necessary to accommodate e-filing in Jimmy Ryce proceedings. If these committees determine that rule amendments are necessary, they may file proposed rule amendments with the Court.

. This is consistent with Court's interim policy on the transmission of electronic records adopted in In re Interim Policy on Electronic Appellate Court Records, Fla. Admin. Order No. AOSC10-32.

. The rules as shown in the appendix reflect amendments made in In re Amends. to Fla. Family Law Rules of Pro., 95 So.3d 126 (Fla.2012), which become effective October 1, 2012, at 12:01 a.m.