# Supreme Court of Florida

_____

No. SC15-765
_____

**IN RE: AMENDMENTS TO RULE OF APPELLATE PROCEDURE 9.200.**

[May 14, 2015]

PER CURIAM.

This Court, on its own motion, amends Florida Rule of Appellate Procedure 9.200 (The Record), effective October 1, 2015, to implement mandatory statewide electronic records on appeal. See Fla. R. Jud. Admin. 2.140(d). We have jurisdiction. See art. V, § 2(a), Fla. Const.

## BACKGROUND

In 2012, this Court amended rule 9.200 to address the electronic transmission of the record on appeal. See In re Amends. to Fla. Rules of Civ. Pro., Fla. Rules of Jud. Admin., Fla. Rules of Crim. Pro., Fla. Probate Rules, Fla. Small Claims Rules, Fla. Rules of Juv. Pro., Fla. Rules of App. Pro., & Fla. Family Law Rules of Pro. — Electronic Filing, 102 So. 3d 451, 452 (Fla. 2012). Although the clerks of court were not required to electronically transmit the record on appeal at that time, consistent with the then existing interim policy on the transmission of

electronic records,[1] the Court encouraged the clerks, when possible, to electronically transmit the record on appeal under the new rules and requirements. Id. at 462; see also In re Electronic Records on Appeal, Fla. Admin. Order No. AOSC14-28 (May 7, 2014) (AOSC14-28) (further extending the date for requiring clerks of court to transmit an electronic record on appeal to June 30, 2015, and giving each appellate court continued authorization to require an electronic record on appeal as provided in the administrative order). At the same time the Court amended rule 9.200 to address the electronic transmission of the record on appeal, the Court adopted procedures for the rollout of mandatory electronic filing of all documents filed in Florida's courts. See Electronic Filing, 102 So. 3d at 451. The implementation of mandatory electronic filing and providing for the transmission of an electronic record on appeal were significant strides toward the Court's goal of creating a "fully electronic court system." Id. at 452.

Since 2012, three district courts of appeal have exercised their option, as authorized in AOSC14-28 at 2, to require electronic records on appeal and have issued administrative orders specifying the content and attributes for electronic records on appeal filed in those courts. See In re: Electronic Filing of Appellate Records, Fla. 3d DCA Admin. Order No. AO3D13-04 (May 28, 2013); In re:

_____

1. See In re Interim Policy on Electronic Appellate Court Records, Fla. Admin. Order No. AOSC10-32 (June 29, 2010).

Electronic Filing of Appellate Records, Fla. 4th DCA Admin. Order No. AO02013-03 (April 19, 2013); see, e.g., In re Electronic Filing of Appellate Records from Citrus and St. Johns Counties, Fla. 5th DCA Admin. Order No. AO5D12-01 (July 1, 2012). Those administrative orders have resulted in the efficient production of user-friendly electronic records on appeal.

Inspired by the success in those district courts and in recognition of the fact that electronic filing is now the norm in Florida courts, this Court further amends rule 9.200 to provide statewide, uniform requirements and attributes for electronic records on appeal. Like mandatory electronic filing, the implementation of mandatory electronic records on appeal is one of "the necessary steps in our ongoing efforts to provide the public with electronic access to nonconfidential court records." See Electronic Filing, 102 So. 3d at 452.

**AMENDMENTS**

The following are the more significant amendments the Court makes to rule 9.200 in order to effectuate the goal of statewide electronic records on appeal.

Because the amended rule requires the clerk of the lower tribunal to electronically transmit to the appellate court only PDF files of the record and trial transcript, the requirement in subdivision (a)(2)—that the lower tribunal retain the original of certain documents in certain case types—and the requirements in subdivisions (b)(2) and (d)(1)(B)—that the record and the trial transcript each be

- 3 -

divided into consecutively numbered volumes of no more than 200 pages per volume—are deleted. Under the revised rule, all original filings will remain in the lower tribunals, rendering subdivision (a)(2) redundant.

Next, subdivision (b) (Transcript(s) of Proceedings) is amended to require that the consecutively numbered trial transcript be filed with the clerk of the lower tribunal separately from the transcript(s) of any other designated proceedings.

Amended subdivision (d) (Duties of Clerk; Preparation and Transmittal of Electronic Record), outlines the clerk's responsibilities in preparing the record on appeal and electronically transmitting the record and trial transcript to the appellate court. As amended, subdivision (d) sets out the requirements for and attributes of the electronically transmitted record. Consistent with Florida Rule of Judicial Administration 2.420(g)(8), the index to the record prepared by the clerk must indicate any confidential information in the record and if the information was determined to be confidential in an order, identify the order. The transcript of the trial must be kept separate from the remainder of the record on appeal. All pages of the remainder of the record, including the cover page, index, and progress docket, must be consecutively numbered. The entire record, except for the trial transcript, must be compiled into a single text searchable PDF file that must be bookmarked as provided in the rule and paginated to exactly match the pagination of the index of the record on appeal. All filings must be included in the PDF file in

their unredacted form. The transcript of the trial must be converted into a second text searchable PDF file that must be paginated to exactly match the pagination of the index of the transcript of the trial filed under subdivision (b)(2) of rule 9.200.

Amended subdivision (d) also provides that the clerk must transmit the PDF files containing the record and trial transcript to the appellate court via the Florida Courts E-Filing Portal or in accordance with the appellate court's administrative order governing transmission of the record. This amendment allows an appellate court to specify, by administrative order, alternate methods of transmission of the record to that court in addition to transmission via the Florida Courts E-Filing Portal.

Finally, it is significant that the amendments to rule 9.200 do not impact the status of confidential information in a record on appeal or the public's access to any record on appeal. Access to electronic court records, including the record on appeal, continues to be governed by the Standards for Access to Electronic Court Records and Access Security Matrix adopted by the Court in In re: Standards for Access to Electronic Court Records, Fla. Admin. Order No. AOSC14-19 (May 23, 2014). See Fla. R. Jud. Admin. 2.420(a).

Accordingly, we amend Florida Rule of Appellate Procedure 9.200 as set forth in the appendix to this opinion. New language is indicated by underscoring;

deletions are indicated by struck-through type. The amendments shall become effective October 1, 2015, at 12:01 a.m.

As noted above, AOSC14-28 directed that beginning June 30, 2015, clerks of court would be required to transmit an electronic record on appeal in accordance with standards adopted by the Florida Courts Technology Commission (FCTC). Today's opinion extends that deadline to October 1, 2015. On that date, clerks of the lower tribunals will be required to provide the appellate courts an electronic record on appeal as provided by rule 9.200.[2] Additionally, on the October 1, 2015, effective date of the instant amendments to rule 9.200, the provisions of rule 9.200 shall supersede the provisions of AOSC14-28 and the FCTC's January 31, 2013, technical standards for electronic records on appeal, until further order of the Court.

Because the amendments were not published for comment prior to their adoption, interested persons shall have sixty days from the date of this opinion in

_____

2. Any clerk of a lower tribunal who, for good cause shown, cannot comply with the mandatory electronic record requirement, as of the effective date of these amendments, may submit a request with this Court to delay the effective date as it applies to that clerk. If the request is granted, an Administrative Order will be issued and posted on this Court's website, the requesting clerk's website, and the affected court's website.

which to file comments with the Court.[3] The Court specially requests comments from The Florida Bar's Appellate Court Rules Committee, the FCTC (in consultation with the Appellate Court Technology Committee), the Florida Association of Court Clerks and Comptrollers, and the Florida Court Reporters Association.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceedings – Florida Rules of Appellate Procedure Committee

---

3. All comments must be filed with the Court on or before July 13, 2015. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the E-Filing Portal in accordance with In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment must be electronically filed via e-mail in accordance with In re Mandatory Submission of Electronic Copies of Documents, Fla. Admin. Order No. AOSC04-84 (Sept. 13, 2004). Electronically filed documents must be submitted in Microsoft Word 97 or higher. Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.

**APPENDIX**

**RULE 9.200.       THE RECORD**

    **(a)     Contents.**

       (1) Except as otherwise designated by the parties, the record shall consist of ~~the original~~all documents filed in the lower tribunal, all exhibits that are not physical evidence, and any transcript(s) of proceedings filed in the lower tribunal, except summonses, praecipes, subpoenas, returns, notices of hearing or of taking deposition, depositions, and other discovery. In criminal cases, when any exhibit, including physical evidence, is to be included in the record, the clerk of the lower tribunal shall not, unless ordered by the court, transmit the original and, if capable of reproduction, shall transmit a copy, including but not limited to copies of any tapes, CDs, DVDs, or similar electronically recorded evidence. The record shall also include a progress docket.

       ~~(2) In family law, juvenile dependency, and termination of parental rights cases, and cases involving families and children in need of services, the record shall include those items designated in subdivision (a)(1) except that the clerk of the lower tribunal shall retain the original orders, reports and recommendations of magistrates or hearing officers, and judgments within the file of the lower tribunal and shall include copies thereof within the record.~~

       (3<u>2</u>) Within 10 days of filing the notice of appeal, an appellant may direct the clerk to include or exclude other documents or exhibits filed in the lower tribunal. The directions shall be substantially in the form prescribed by rule 9.900(g). If the clerk is directed to transmit less than the entire record or a transcript of trial with less than all of the testimony, the appellant shall serve with such direction a statement of the judicial acts to be reviewed. Within 20 days of filing the notice, an appellee may direct the clerk to include additional documents and exhibits.

       (4<u>3</u>) The parties may prepare a stipulated statement showing how the issues to be presented arose and were decided in the lower tribunal, attaching a copy of the order to be reviewed and as much of the record in the lower tribunal as is necessary to a determination of the issues to be presented. The parties shall advise the clerk of the lower tribunal of their intention to rely on a stipulated statement in lieu of the record as early in advance of filing as possible. The

stipulated statement shall be filed by the parties and transmitted to the court by the clerk of the lower tribunal within the time prescribed for transmittal of the record.

~~(5) Where any court record, as defined in Florida Rule of Judicial Administration 2.420(b)(1)(A), of proceedings in the lower tribunal has been made or maintained in one of the following electronic formats: fully searchable indexed PDF; fully-searchable non-indexed PDF; or, non-searchable PDF~~

~~(A) the record, as defined in subdivision (a)(1) through (a)(3), shall be comprised of the electronic form of those items described in subdivision (a)(1) that were created or maintained in the aforementioned electronic formats; or~~

~~(B) where the parties elect to prepare a stipulated statement in accordance with subdivision (a)(4), the stipulated statement and its attachments shall be filed electronically in one of the aforementioned electronic formats.~~

**(b)    Transcript(s) of Proceedings.**

(1) [No Change]

(2) Within 30 days of service of a designation, or within the additional time provided for under subdivision (b)(3) of this rule, the approved court reporter, civil court reporter, or approved transcriptionist shall transcribe and file with the clerk of the lower tribunal the designated proceedings and shall serve copies as requested in the designation. If a designating party directs the approved court reporter, civil court reporter, or approved transcriptionist to furnish the transcript(s) to fewer than all parties, that designating party shall serve a copy of the designated transcript(s) on the parties within 5 days of receipt from the approved court reporter, civil court reporter, or approved transcriptionist. <u>The transcript of the trial shall be filed with the clerk separately from the transcript(s) of any other designated proceedings.</u> The transcript of the trial shall be ~~organized in consecutively numbered volumes not to exceed 200 pages each, and each page shall be numbered consecutively. Each volume shall be~~ prefaced by an index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found. <u>The pages, including the index pages, shall be consecutively numbered, beginning with page 1.</u>

(3) – (4) [No Change]

**(c)    [No Change]**

- 9 -

**(d)** **Duties of Clerk; Preparation and Transmittal of <u>Electronic</u> Record.**

(1) The clerk of the lower tribunal shall prepare the record as follows:

(A) <u>The clerk of the lower tribunal shall assemble the record on appeal and prepare a cover page and a complete index to the record. Consistent with Florida Rule of Judicial Administration 2.420(g)(8), the index shall indicate any confidential information in the record and if the information was determined to be confidential in an order, identify such order by date or docket number and record page number.</u> The clerk of the lower tribunal shall not be required to verify and shall not charge for the incorporation of any transcript(s) into the record. The transcript of the trial shall be ~~incorporated at the end of the record,~~<u>kept separate from the remainder of the record on appeal</u> and shall not be renumbered by the clerk. The progress docket shall be incorporated into the record immediately after the index.

(B) ~~The remainder of the record, including all supplements and any transcripts other than the transcript of the trial, shall be consecutively numbered. The record shall be organized in consecutively numbered volumes not to exceed 200 pages each. The cover sheet of each volume shall contain the name of the lower tribunal and the style and number of the case. Any volume of the record that is prepared in paper format shall be securely bound.~~<u>All pages of the remainder of the record, including the cover page, the index, and the progress docket, shall be consecutively numbered. The first page shall be the cover page that includes the name of the lower tribunal, the style and number of the case, and the caption RECORD ON APPEAL in 48 point bold font. All remaining pages, including all supplements and any transcripts other than the transcript of the trial, shall continue the pagination of the cover page, the index, and the progress docket.</u>

(C) ~~The record, or portions of the record, prepared in accordance with subdivision (a)(5) shall be organized, numbered, and formatted in accordance with subdivision (d)(1)(A)-(d)(1)(B), except that each such volume shall be prepared in electronic format as a PDF file having the indexing and searching characteristics of the electronic items comprising that volume of the record. The index and progress docket shall also be included as a separate indexed, fully searchable PDF file.~~<u>The entire record, except for the transcript of the trial, shall be compiled into a single PDF file. The PDF file shall include all filings in their unredacted form. The PDF file shall be:</u>

(i) text searchable;

(ii) paginated to exactly match the pagination of the index; and

(iii) bookmarked, consistently with the index, such that each bookmark states the date, name, and record page of the filing and the bookmarks are viewable in a separate (and/or side) window.

(2) ~~The clerk of the lower tribunal shall prepare a complete index to the record and shall attach a copy of the progress docket to the index.~~The transcript of the trial shall be converted into a second PDF file. The PDF file shall be:

(i) text searchable; and

(ii) paginated to exactly match the pagination of the index of the transcript of the trial filed under subdivision (b)(2).

(3) The clerk of the lower tribunal shall certify ~~and transmit~~ the record ~~to the court as prescribed by these rules~~and transmit the record and the transcript of the trial to the court by uploading the PDF files:

(A) via the Florida Courts E-Filing Portal; or

(B) in accordance with the procedures established by the appellate court's administrative order governing transmission of the record.

**(e) – (f)      [No change]**

**~~(g)     Return of Record.  In civil cases, the record shall be returned to the lower tribunal after final disposition by the court.~~**

**Committee Notes**

[No Change]