# Supreme Court of Florida

_____

No. SC15-765

_____

**IN RE:  AMENDMENTS TO RULE OF APPELLATE PROCEDURE 9.200.**

[November 12, 2015]

PER CURIAM.

This Court, on its own motion, amended Florida Rule of Appellate Procedure 9.200 (The Record) to provide for mandatory statewide electronic records on appeal and requested comments regarding the amended rule.  See In re Amends. to Rule of App. Pro. 9.200, 164 So. 3d 668 (Fla. 2015).  Comments were filed by the Staff Attorneys of the Second District Court of Appeal, the Appellate Court Rules Committee (ACRC), the Florida Court Reporters Association (FCRA), the Florida Court Clerks and Comptrollers (FCCC), and the Florida Courts Technology Commission (FCTC).

We thank these groups for assisting with the ongoing effort to provide the public with electronic access to nonconfidential court records, and we amend rule 9.200 and Florida Rule of Appellate Procedure 9.210 (Briefs) as shown in the appendix to this opinion.  We have jurisdiction.  See art. V, § 2(a), Fla. Const.

**AMENDMENTS**

The following are the more significant amendments this Court makes in light of the comments received.

Rule 9.200(b)(2) is amended as suggested by the FCRA. To increase clarity, the term "index," used in the context of the trial transcript, is changed to "master trial index" and, to facilitate the assembly of the complete trial transcript, rule 9.200(b)(2) is amended to designate that the master trial index shall be placed at the end of the trial transcript. Rule 9.200(b), as amended, does not bar court reporters from including additional administrative items—such as daily title pages, appearance pages, indexes, and reporters' certificates—within the trial transcript as needed to efficiently and accurately compile a complete trial transcript. We likewise make a conforming amendment to rule 9.200(d)(2)(B), substituting the term "master trial index" for "index."

Similarly, we amend rule 9.200(d)(1) in light of the FCCC's concern regarding the pagination of the cover page, index, and progress docket of an electronic record on appeal. The goal of the pagination requirements of rule 9.200(d)(1) is to ensure that the page numbers in the PDF reader exactly match the record index. This is so that individuals using the record on appeal can employ the PDF reader to "jump" directly to page citations. There is more than one pagination method that will achieve the desired usability. Therefore, we amend rule

9.200(d)(1) to require the clerks of court to paginate the record on appeal in a manner that results in the page numbers listed in the index matching the PDF reader, without requiring a specific pagination method.

Rule 9.200(d)(1)(B) is amended to designate a procedure for supplementing the record on appeal after the record has been submitted to the appellate court. Any permitted supplements will be transmitted to the appellate court as additional, separate PDF files.

We amend rule 9.200(d)(1)(C) to allow the clerks of court to transmit records on appeal to the appellate courts in a redacted form. This amendment will increase efficiency as the courts move toward providing the public with electronic access to nonconfidential court filings as governed by the Standards for Access to Electronic Court Records and Access Security Matrix adopted by the Court in In re Standards for Access to Electronic Court Records, Fla. Admin. Order No. AOSC14-19 (May 23, 2014). See Fla. R. Jud. Admin. 2.420(a). Amended rule 9.200(d)(1)(C) directs that any redacted confidential information will be made available to the appellate court on request.

At the suggestion of the ACRC, a committee note is added to rule 9.200 to clarify that the amendments to rule 9.200 do not affect a clerk's obligation under Florida Rule of Appellate Procedure 9.110(e) to transmit a copy of the record index to the parties to the case.

Finally, we adopt the ACRC's suggestion that the phrase "volume and" be removed from the second sentence of rule 9.210(b)(3). Because electronic records will not be separated into volumes and any supplements will continue the pagination of the original record, citations should be to the relevant page of the record on appeal or trial transcript without reference to a volume.

**RULE REFERRALS**

At this time, we decline to adopt the ACRC's suggested amendments to Florida Rule of Appellate Procedure 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal) and Florida Rule of Appellate Procedure 9.220 (Appendix). Those suggestions go beyond the scope of this Court's amendments to rule 9.200 and have not been published for comment. We do, however, invite the ACRC to file an out-of-cycle report presenting any suggested amendments to rules 9.120 and 9.220.

The comments identified two other issues relating to electronic records on appeal that merit additional study. We refer to the ACRC the question of how a defective electronic record on appeal shall be corrected—as opposed to merely supplemented—after transmission to the appellate court and whether, and if so how, the appellate rules should address the provision of the record on appeal to the parties to a case.

**CONCLUSION**

We amend Florida Rules of Appellate Procedure 9.200 and 9.210 as set forth in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee note is offered for explanation only and is not adopted as an official part of the rules.

The amendments to rule 9.200 adopted in this Court's May 14, 2015, opinion are to become effective January 5, 2016, at 12:01 a.m. See In re Amends. to Rule of App. Pro. 9.200, SC15-765 (Fla. order filed Aug. 20, 2015). At that time, clerks of the lower tribunals will be required to provide the appellate courts an electronic record on appeal as provided by rule 9.200,[1] and the provisions of rule 9.200 shall supersede the provisions of this Court's administrative order addressing electronic records on appeal, In re Electronic Records on Appeal, Fla. Admin. Order No. AOSC14-28 (May 7, 2014), and the FCTC's January 31, 2013, technical standards for electronic records on appeal. The amendments adopted by this opinion shall become effective immediately thereafter, January 5, 2016, at 12:02 a.m. As set out in rule 9.200(d)(3), electronic records on appeal may be transmitted to the appellate courts via the Florida Courts E-Filing Portal, where

_____

[1]. Any clerk of a lower tribunal who, for good cause shown, cannot comply with the mandatory electronic record requirement, as of the effective date of these amendments, may submit a request with this Court to delay the effective date as it applies to that clerk. If the request is granted, an Administrative Order will be issued and posted on this Court's website, the requesting clerk's website, and the affected court's website.

available, or by other method specified in an administrative order by the receiving court.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and PERRY, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure Committee

Judge T. Kent Wetherell, II, Chair, Appellate Court Rules Committee, Tallahassee, Florida; Wendy S. Loquasto, Past Chair, Appellate Court Rules Committee, Fox & Loquasto, P.A., Tallahassee, Florida; John F. Harkness, Jr., Executive Director, and Heather Savage Telfer, Bar Staff Liaison, The Florida Bar, Tallahassee, Florida; Fredric W. Baggett and Mary Hope Keating of Greenberg Traurig, P.A., Tallahassee, Florida; Judge Chris William Altenbernd, Second District Court of Appeal, Tampa, Florida; Thomas Martin Fiorentino, Jacksonville, Florida; Judge Lisa Taylor Munyon, Chair, Florida Courts Technology Commission, Tallahassee, Florida; and Rosa Naccarato, President, and Holly Kapacinskas, Past President, Florida Court Reporters Association, Altamonte Springs, Florida,

Responding with Comments

**APPENDIX**

**RULE 9.200.** **THE RECORD**

(a) **[No Change]**

(b) **Transcript(s) of Proceedings.**

(1) [No Change]

(2) Within 30 days of service of a designation, or within the additional time provided for under subdivision (b)(3) of this rule, the approved court reporter, civil court reporter, or approved transcriptionist shall transcribe and file with the clerk of the lower tribunal the designated proceedings and shall serve copies as requested in the designation. If a designating party directs the approved court reporter, civil court reporter, or approved transcriptionist to furnish the transcript(s) to fewer than all parties, that designating party shall serve a copy of the designated transcript(s) on the parties within 5 days of receipt from the approved court reporter, civil court reporter, or approved transcriptionist. The transcript of the trial shall be filed with the clerk separately from the transcript(s) of any other designated proceedings. The transcript of the trial shall be ~~prefaced~~followed by ~~an~~ master trial index containing the names of the witnesses, a list of all exhibits offered and introduced in evidence, and the pages where each may be found. The pages, including the index pages, shall be consecutively numbered, beginning with page 1. The pages shall not be condensed.

(3) – (4) [No Change]

(c) **[No Change]**

(d) **Duties of Clerk; Preparation and Transmittal of Electronic Record.**

(1) The clerk of the lower tribunal shall prepare the record as follows:

(A) The clerk of the lower tribunal shall assemble the record on appeal and prepare a cover page and a complete index to the record. The cover page shall include the name of the lower tribunal, the style and number of the case, and the caption RECORD ON APPEAL in 48 point bold font. Consistent with Florida Rule of Judicial Administration 2.420(g)(8), the index shall indicate any

- 7 -

confidential information in the record and if the information was determined to be confidential in an order, identify such order by date or docket number and record page number. The clerk of the lower tribunal shall not be required to verify and shall not charge for the incorporation of any transcript(s) into the record. The transcript of the trial shall be kept separate from the remainder of the record on appeal and shall not be renumbered by the clerk. The progress docket shall be incorporated into the record immediately after the index.

(B) All pages of the remainder of the record, ~~including the cover page, the index, and the progress docket,~~ shall be consecutively numbered. ~~The first page shall be the cover page that includes the name of the lower tribunal, the style and number of the case, and the caption RECORD ON APPEAL in 48 point bold font. All remaining pages, including all supplements and a~~<u>A</u>ny transcripts other than the transcript of the trial~~,~~ shall continue the pagination of the ~~cover page, the index, and the progress docket~~<u>record pages. Supplements permitted after the clerk of the lower tribunal has transmitted the record to the court shall be submitted by the clerk as separate PDF files in which pagination is consecutive from the original record and continues through each supplement.</u>

(C) The entire record, except for the transcript of the trial, shall be compiled into a single PDF file. The PDF file shall include all filings in their ~~un~~redacted form. <u>The unredacted version of any information in the record shall be provided to the appellate court upon request.</u> The PDF file shall be:

(i) text searchable;

(ii) paginated ~~to~~<u>so that the page numbers displayed by the PDF reader</u> exactly match the pagination of the index; and

(iii) bookmarked, consistently with the index, such that each bookmark states the date, name, and record page of the filing and the bookmarks are viewable in a separate ~~(and/or side)~~ window.

(2) The transcript of the trial shall be converted into a second PDF file. The PDF file shall be:

(~~i~~<u>A</u>) text searchable; and

(~~ii~~<u>B</u>) paginated to exactly match the pagination of the <u>master trial</u> index of the transcript of the trial filed under subdivision (b)(2).

(3)     [No Change]

**(e) – (f)     [No Change]**

### Committee Notes

**1977 Amendment – 2014 Amendment**     [No Change]

**2015 Amendment.**  The amendments in *In re Amendments to Rule of Appellate Procedure 9.200,* 164 So. 3d 668 (Fla. 2015), do not modify the clerk's obligation to transmit a separate copy of the index to the parties, pursuant to Rule 9.110(e).

**RULE 9.210.     BRIEFS**

**(a)     [No Change]**

**(b)     Contents of Initial Brief.** The initial brief shall contain the following, in order:

(1) – (2)     [No Change]

(3) A statement of the case and of the facts, which shall include the nature of the case, the course of the proceedings, and the disposition in the lower tribunal. References to the appropriate ~~volume and~~ pages of the record or transcript shall be made.

(4) – (8)     [No Change]

**(c) – (g)     [No Change]**

### Committee Notes

[No Change]