# Supreme Court of Florida

_____

No. SC16-1377
_____

**IN RE: AMENDMENTS TO THE FLORIDA RULES OF APPELLATE PROCEDURE.**

[September 7, 2017]

PER CURIAM.

This matter is before the Court for consideration of proposed amendments to the Florida Rules of Appellate Procedure. We have jurisdiction. See art. V, § 2(a), Fla. Const.; Fla. R. Jud. Admin. 2.140(f).

## BACKGROUND

The Florida Bar's Appellate Court Rules Committee (Committee) has filed an out-of-cycle report proposing amendments to seven Florida Rules of Appellate Procedure (Rules). The proposals were submitted following the Court's opinion in In re Amendments to Rule of Appellate Procedure 9.200, 177 So. 3d 1254 (Fla. 2015). In that case, we adopted amendments to rules 9.200 (The Record) and 9.210 (Briefs) to address mandatory statewide electronic records on appeal. Id. at 1255. However, we declined to adopt amendments to rules 9.120 (Discretionary

Proceedings to Review Decisions of District Courts of Appeal) and 9.220 (Appendix) because those changes were beyond the scope of the case then before us. Id. at 1256. Our opinion invited the Committee to file an out-of-cycle report proposing rule amendments; we also asked the Committee to consider "the question of how a defective electronic record on appeal shall be corrected—as opposed to merely supplemented—after transmission to the appellate court and whether, and if so how, the appellate rules should address the provision of the record on appeal to the parties to a case." Id.

The Committee here proposes amendments to rules 9.020 (Definitions), 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal), 9.141 (Review Proceedings in Collateral or Postconviction Criminal Cases), 9.160 (Discretionary Proceedings to Review Decisions of County Courts), 9.180 (Appeal Proceedings to Review Workers' Compensation Cases), 9.200 (The Record), and 9.220 (Appendix). The Board of Governors of The Florida Bar unanimously approved the proposals. After the Committee filed its report with the Court, we published the proposed amendments for comment. The Court received comments from the Fourth District Court of Appeal, joined by the First District Court of Appeal, and from Attorney Cassandra Snapp. The Committee filed a response to the comments that includes a revised rule proposal.

After fully considering the Committee's report, the comments, and the response, we adopt the proposed amendments with some modifications, as addressed in this opinion. We discuss the more significant rule amendments below.

**AMENDMENTS**

First, we amend rule 9.020 (Definitions), as proposed by the Committee, to add a new subdivision (*l*) defining the term "E-filing System Docket." This term is defined as the docket where attorneys and those parties who are registered users of the court's e-filing system can view electronic documents filed in a case.

Next, we amend rule 9.120 (Discretionary Proceedings to Review Decisions of District Courts of Appeal) in subdivision (e) (Accepting or Postponing Decision on Jurisdiction; Record) to address the format for the electronic record on appeal transmitted to this Court. As amended, the rule requires the clerks of the district courts of appeal to electronically transmit the record to this Court as separate PDF files for (1) the contents of record, (2) the transcript, and (3) any documents filed in the district court. We have revised the Committee's proposal in subdivision (e)(3) to require the clerks to transmit documents filed in the district court in the "record on appeal" format described in rule 9.200(d)(1).[1]

---

1. The Committee's original proposal in subdivision (e)(3) referred to the "record on appeal format described in rule 9.200(a) and (c)." Because it appears the Committee intended to require that the third PDF file submitted to this Court

We have made several amendments to rule 9.200 (The Record). First, in subdivision (d), renamed "Preparation and Transmission of Electronic Record," we add a new subdivision (d)(4), which provides that the court shall upload the electronic record to the "e-filing system docket." Attorneys and parties who are registered users of the court's e-filing system may download the electronic record in their cases. Additionally, we amend subdivision (f) (Correcting and Supplementing Record) to add a new subdivision (f)(3) authorizing a court, if it finds that the record is not in compliance with the requirements of rule 9.200, to direct the clerk of a lower tribunal to submit a compliant record, which will replace the noncompliant record. The Committee indicates in its report that subdivision (f)(3) is intended to apply to records that are not in compliance with the technical and formatting requirements in rule 9.200(d), for example, records that are not text searchable, correctly paginated, or bookmarked; it states that substantive corrections should be made through a supplement to the record, rather than as a wholesale replacement of the record. Accordingly, we have revised the Committee's proposal in subdivision (f)(3) to expressly reference records that are "not in compliance with the requirements of subdivision (d)" of rule 9.200.

---

include documents filed in the district courts of appeal in the "record on appeal format"—namely, the indexing, text searching, bookmarking, and pagination requirements outlined in rule 9.200(d)(1)—we have revised the Committee's proposal to instead refer to rule 9.200(d)(1).

Finally, we have made several amendments to rule 9.220 (Appendix) to parallel amendments to rule 9.200 adopted in In re Amendments to Rule of Appellate Procedure 9.200, 177 So. 3d 1254. Among other changes, we amend existing subdivision (c) to create new subdivisions (c) (Electronic Format) and (d) (Paper Format).[2] New subdivision (c) (Electronic Format) provides that the appendix shall be prepared and filed electronically as a separate, single PDF file, unless size limitations or technical requirements established by the Florida Supreme Court Standards for Electronic Access to the Courts would require multiple files. The appendix must be properly indexed and consecutively paginated, beginning with the cover page as page one. Additionally, subdivisions (c)(1) through (c)(4) require that the PDF file be text searchable; paginated, so that the page numbers displayed by the PDF reader match the pagination of the index; bookmarked, consistently with the index, such that each bookmark includes the date and name of the document it references, and directs to the first page of the document; and not contain condensed transcripts unless authorized by the court. New subdivision (d) (Paper Format) provides that, if a paper appendix is

_____

2. We amend rule 9.210 in new subdivisions (c) and (d) consistent with the Committee's revised proposal, submitted in its response to the comments from the Fourth District Court of Appeal, joined by the First District Court of Appeal.

authorized, it must be submitted separately from the petition, brief, motion, response, or reply that it accompanies.

## CONCLUSION

Accordingly, we amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The committee notes are offered for explanation only and are not adopted as an official part of the rules. The amendments shall become effective October 1, 2017, at 12:01 a.m.

It is so ordered.

LABARGA, C.J., and PARIENTE, LEWIS, QUINCE, CANADY, POLSTON, and LAWSON, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Landis Vernon Curry III, Chair, and Kristin A. Norse, Past Chair, Appellate Court Rules Committee, Tampa, Florida; and John F. Harkness, Executive Director, and Heather Savage Telfer, Staff Liaison, The Florida Bar, Tallahassee, Florida,

for Petitioner

Honorable Cory J. Ciklin, Chief Judge, Fourth District Court of Appeal, West Palm Beach, Florida; Honorable L. Clayton Roberts, Chief Judge, First District Court of Appeal, Tallahassee, Florida; and Cassandra Snapp of Law Offices of Mark L. Horwitz, Orlando, Florida,

Responding with Comments

**APPENDIX**

**RULE 9.020.     DEFINITIONS**

The following terms have the meanings shown as used in these rules:

**(a) – (k)     [No Change]**

**(*l*)     E-filing System Docket.** The docket where attorneys and those parties who are registered users of the court's electronic filing (e-filing) system can view the electronic documents filed in their case(s).

**Committee Notes**

[No Change]

**Court Commentary**

[No Change]

**RULE 9.120.     DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF DISTRICT COURTS OF APPEAL**

**(a) – (d)     [No Change]**

**(e)     Accepting or Postponing Decision on Jurisdiction; Record.** If the supreme court accepts or postpones decision on jurisdiction, the court shall so order and advise the parties and the clerk of the district court of appeal. Within 60 days thereafter or such other time set by the court, the clerk shall electronically transmit the record. The clerk shall transmit separate Portable Document Format ("PDF") files of:

(1)     the contents of the record as described in rule 9.200(a) and (c);

(2)     the transcript as described in rule 9.200(b); and

(3)     the documents filed in the district court in the record on appeal format described in rule 9.200(d)(1).

**(f)     [No Change]**

**RULE 9.141.    REVIEW PROCEEDINGS IN COLLATERAL OR POSTCONVICTION CRIMINAL CASES**

**(a)    [No Change]**

**(b)    Appeals from Postconviction Proceedings Under Florida Rule of Criminal Procedure 3.800(a), 3.801, 3.802, 3.850, or 3.853.**

> **(1) – (2)    [No Change]**

> **(3)    Grant or Denial of Motion after an Evidentiary Hearing was Held on One or More Claims.**

>> **(A)    [No Change]**

>> **(B)    Record.**

>>> (i)    [No Change]

>>> (ii)    Appellant may direct the clerk to include in the record any other documents that were before the lower tribunal at the hearing. ~~If the clerk is directed to include in the record a previously prepared appellate record involving the appellant, the clerk need not reindex or repaginate it.~~

>>> (iii)    [No Change]

>> **(C)    [No Change]**

**(c) – (d)    [No Change]**

**Committee Notes**

[No Change]

**RULE 9.160.     DISCRETIONARY PROCEEDINGS TO REVIEW DECISIONS OF COUNTY COURTS**

**(a) – (f)     [No Change]**

**(g)     Record.** The record shall be prepared and ~~filed~~transmitted in accord with rule 9.110(e) or 9.140(f), depending on the nature of the appeal.

**(h) – (j)     [No Change]**

**Committee Notes**

[No Change]

**RULE 9.180.     APPEAL PROCEEDINGS TO REVIEW WORKERS' COMPENSATION CASES**

**(a) – (b)     [No Change]**

**(c)     Jurisdiction of Lower Tribunal.**

**(1)     [No Change]**

**(2)     Settlement.** At any time before the record on appeal is ~~filed~~transmitted ~~with~~to the court, the lower tribunal shall have the authority to approve settlements or correct clerical errors in the order appealed.

**(3)     Relinquishment of Jurisdiction by Court to Consider Settlement.** If, after the record on appeal is ~~filed~~transmitted, settlement is reached, the parties shall file a joint motion stating that a settlement has been reached and requesting relinquishment of jurisdiction to the lower tribunal for any necessary approval of the settlement. The court may relinquish jurisdiction for a specified period for entry of an appropriate order. In the event the Division of Workers' Compensation has advanced the costs of preparing the record on appeal or the filing fee, a copy of the joint motion shall be furnished to the division by the appellant.

**(A) – (B)     [No Change]**

**(d) – (e)     [No Change]**

**(f)      Record Contents: Final Orders.**

      **(1) – (6)      [No Change]**

      **(7)      Preparation, Certification, and ~~Transmittal~~Transmission of the Record.** The deputy chief judge of compensation claims shall designate the person to prepare the record. The clerk of the office of the judges of compensation claims shall supervise the preparation of the record. The record shall be ~~delivered~~transmitted to the lower tribunal in sufficient time for the lower tribunal to review the record and ~~send~~transmit it to the court. The lower tribunal shall review the original record, certify that it was prepared in accordance with these rules, and within 60 days of the notice of appeal being filed transmit the record to the court. The lower tribunal shall provide an electronic image copy of the record to all counsel of record and all unrepresented parties.

      **(8) – (9)      [No Change]**

  **(g) – (i)      [No Change]**

**Committee Notes**

[No Change]

**RULE 9.200.      THE RECORD**

  **(a) – (c)      [No Change]**

  **(d)      ~~Duties of Clerk;~~ Preparation and ~~Transmittal~~Transmission of Electronic Record.**

      (1)      The clerk of the lower tribunal shall prepare the record as follows:

        (A)      The clerk of the lower tribunal shall assemble the record on appeal and prepare a cover page and a complete index to the record. The cover page shall include the name of the lower tribunal, the style and number of the case, and the caption RECORD ON APPEAL in 48-point bold font. Consistent with Florida Rule of Judicial Administration 2.420(g)(8), the index shall indicate any confidential information in the record and if the information was determined to be confidential in an order, identify such order by date or docket number and record

page number. The clerk of the lower tribunal shall not be required to verify and shall not charge for the incorporation of any transcript(s) into the record. The transcript of the trial shall be kept separate from the remainder of the record on appeal and shall not be renumbered by the clerk. The progress docket shall be incorporated into the record immediately after the index.

(B)     All pages of the remainder of the record shall be consecutively numbered. Any transcripts other than the transcript of the trial shall continue the pagination of the record pages. Supplements permitted after the clerk of the lower tribunal has transmitted the record to the court shall be submitted by the clerk as separate Portable Document Format ("PDF") files in which pagination is consecutive from the original record and continues through each supplement.

(C)     [No Change]

(2) – (3)     [No Change]

(4)     The court shall upload the electronic record to the electronic filing (e-filing) system docket. Attorneys and those parties who are registered users of the court's e-filing system may download the electronic record in their case(s).

**(e)     [No Change]**

**(f)     Correcting and Supplementing Record.**

(1) – (2)     [No Change]

(3)     If the court finds that the record is not in compliance with the requirements of subdivision (d) of this rule, it may direct the clerk of the lower tribunal to submit a compliant record, which will replace the previously filed noncompliant record.

**Committee Notes**

**1977 - 2014 Amendments.**   [No Change]

**2015 Amendment.** The amendments in *In re Amendments to Rule of Appellate Procedure 9.200*, 164 So. 3d 668 (Fla. 2015), do not modify the clerk's obligation to transmit a separate copy of the index to the parties, pursuant to Rrule 9.110(e).

**RULE 9.220.       APPENDIX**

**(a)     [No Change]**

**(b)     Contents.** The appendix shall contain <u>a coversheet,</u> an index<u>, a certificate of service,</u> and a conformed copy of the opinion or order to be reviewed and may contain any other portions of the record and other authorities. Asterisks should be used to indicate omissions in documents or testimony of witnesses. <u>The cover sheet shall state the name of the court, the style of the cause, including the case number if assigned, the party on whose behalf the appendix is filed, the petition, brief, motion, response, or reply for which the appendix is served, and the name and address of the attorney, or pro se party, filing the appendix.</u>

**(c)     Electronic Format.** ~~Unless otherwise authorized by court order or court rule, the appendix shall be prepared and filed electronically with the clerk as an independent PDF file or a series of independent PDF files.~~<u>The appendix shall be prepared and filed electronically as a separate Portable Document Format ("PDF") file. The electronically filed appendix shall be filed as 1 document, unless size limitations or technical requirements established by the Florida Supreme Court Standards for Electronic Access to the Courts require multiple parts. The appendix shall be properly indexed and consecutively paginated, beginning with the cover sheet as page 1. The PDF file(s) shall:</u>

<u>(1)     be text searchable;</u>

<u>(2)     be paginated so that the page numbers displayed by the PDF reader exactly match the pagination of the index;</u>

<u>(3)     be bookmarked, consistently with the index, such that each bookmark states the date, name of the document which it references, and directs to the first page of that document. All bookmarks must be viewable in a separate window; and</u>

<u>(4)     not contain condensed transcripts, unless authorized by the court.</u>

**(d)     Paper Format.** <u>When a paper appendix is authorized, it shall be</u> ~~separately bound or~~ separated from the petition, brief, motion, response, or reply ~~by a divider and appropriate tab, and the following requirements shall apply: (1) if the appendix includes documents filed before January 1991 on paper measuring 8 ½ by 14 inches, the documents should be reduced in copying to 8 ½ by 11 inches,~~

- 12 -

~~if practicable; and (2) if reduction is impracticable, the appendix may measure 8 ½ by 14 inches, but it should be bound separately from the document~~ that it accompanies. The appendix shall be consecutively paginated, beginning with the cover sheet as page 1. In addition, the following requirements shall apply:

(1)     if the appendix includes documents filed before January 1991 on paper measuring 8 1/2 by 14 inches, the documents should be reduced in copying to 8 1/2 by 11 inches, if practicable; and

(2)     if reduction is impracticable, the appendix may measure 8 1/2 by 14 inches, but must be separated from the 8 1/2 by 11-inch document(s) that it accompanies.

## Committee Notes

[No Change]